JAMES ZHOU #201385
LAW OFFICES OF ZHOU & CHINI
2151 MICHELSON DR. STE 164
IRVINE, CA 92612
PHONE: (949) 465-4850
FAX: (949) 484-4907

Attorney for Debtor and Debtor-in-Possession AUTO ORANGE II, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA- SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>AUTO ORANGE II, LLC<br><br>    Debtor and<br>    Debtor-in-Possession | Case No.: 8:13-BK-19490-CB<br><br>STATUS CONFERENCE REPORT<br><br>Hearing:<br>Date: January 8, 2014<br>Time: 10:00 A.M.<br>Ctrm: 5D, 5th Floor<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

Debtor AUTO ORANGE II, LLC ("AO II") hereby submits this Status Conference Report in anticipation of the Case Management Conference scheduled for January 8, 2014

**GENERAL BACKGROUND INFORMATION**

Debtor filed for Chapter 11 Bankruptcy on November 21, 2013. Debtor was previous owned and controlled by a Mark Spizzirri. Due to a multi-millionaire judgment against him by

Status Conference Report                                             1

the Craig Baptiste and an entity controlled by Barry Baptiste, Mr. Spizzirri's membership interest in AO II was foreclosed upon and bought by the current members Craig Baptiste and Barry Baptiste. The foreclosure took place on May 17, 2013. Management of AO II was then transferred to the present members as per Court order dated November 1, 2013. As a result of the recent transfer of management of AO II as well as the manner that it came about, the present members are still trying their best to uncover all aspects of the Debtor including transfers made by the previous member.

**BRIEF DESCRIPTION OF DEBTOR'S ASSET AND LIABILITIES**

Debtor, despite its name, has no direct involvement in the auto industry. What the Debtor has is title to a real property located at 32881 Camino Capistrano, San Juan Capistrano, CA 92672 ("Chrysler Building"); Debtor also claims ownership interest in real property located at located at 1700 North El Camino Real; San Juan Capistrano, CA 92672 ("Theater Building"). The previous member transferred AO II's interest in both of the aforementioned real properties to third parties with quitclaim deeds within the last year. The Debtor, due the circumstances of the transfers, believes both were fraudulent and illegal. In fact, title to the Chrysler Building was recently transferred back right before the filing of this case after a short litigation but title to the Theatre Building still remains in the name of a third party- an entity to which Mr. Spizzirri is believed to hold interest in.

With respect to the Chrysler Building, there is a deed of trust held by TerraCotta Realty Fund, LLC (" TerraCotta") in the amount of $5,498,621. An entity controlled by Spizzirri and his cohorts also contend that it holds a second deed of trust on the Chrysler Building . There is also a lease on this building with the Chrysler Group Realty, LLC

As to the Theatre Building, Debtor needs to get title back to the property; The aforementioned entity controlled by Spizzirri and his business partners contends that there is a deed of trust of $4,600,000 on the property.

There are also substantial tax credits associated with both real properties.

Debtor, obviously, may have legal claims against Spizzirri, his cohorts and other third parties for transfers of assets made out of Debtor.

**WHAT PRECIPITATED FILING**

TerraCotta was going to foreclose on the Chrysler building on November 22, 2013. The petition was filed on November 21, 2013.

**WHAT THE DEBTOR HOPES TO ACCOMPLISH**

The Debtor would like to keep the real properties and reorganize. To that end, the Debtor anticipates obtaining financing to do so.

**PRINCIPAL DISPUTES AND PROBLEMS LIKELY TO ARISE**

Principal disputes and problems are likely to arise from the previous member/manager and his cohorts and the various entities controlled by them. They may also contend that AO II owes debts to them in some amount. Litigation between current members and Mr. Spizzirri in State Court and the bankruptcy court in his personal case has been ongoing prepetition and post-petition. The Debtor had to use litigation to get title back to the Chrysler Building and is attempting to get title back to the Theatre Building as well. Mr. Spizzirri also transferred title to real property located at 1211 North Batavia St, Orange, CA 92867 out of AO II to a PCT Properties, LLC. There was substantial consideration involved and the Debtor is still trying to find all the mechanics of the transaction; there may or may not be a dispute there. The other dispute may be with TerraCotta as far as default on the its loan.

**WHAT DEBTOR RECOMMENDS TO RESOLVE DISPUTES**

The Debtor is attempting to get title back to the Theatre Building without litigation, but if this is not resolved, litigation will be pursued. Litigation may also have to be pursued in regards to other potential claims. The Debtor will also attempt to acquire financing to resolve any other legitimate debts.

Status Conference Report

3

**HAS THE DEBTOR COMPLIED WITH BANKRUPTCY REQUIREMENTS AND US TRUSTEE GUIDELINES**

The Debtor has complied to a great extent with the applicable bankruptcy requirements and guidelines. What remains is the recording of the petition which should be done by the hearing date and the real property questionnaire. The Debtor also needs to amend some of the schedules and statement of financial affairs as new information is being uncovered by the present members. The Debtor shall amend the necessary schedules and statement of financial affairs when the present members believes it has uncovered all or substantially all the information needed; this is in part to avoid the necessity of amending the same schedules and statements multiple times and every time new information are discovered as it would only serve to confuse the Court and other parties looking the documents. The Debtor does anticipate amending the aforementioned documents prior to the 341a meeting of creditors currently set for January 30, 2014 to give the United States Trustee's sufficient time to review the documents. The monthly operating report for November 2013 should also be filed before the hearing.

**ANY POTENTIAL AVOIDANCE ACTIONS**

The Debtor may have avoidance actions as it relates to the Theatre Building, the real property located at1211 North Batavia St, Orange, CA  92867 and perhaps other assets. The Debtor is attempting to get title to the Theatre Building if possible; as such, no complaints have yet been initiated. As the Debtor uncovers more information, the Debtor will know more and act accordingly.

**DO ANY PARTIES CLAIM CASH COLLATERAL**

Potentially TerraCotta for rent on the Chrysler Building.

**IS DEBTOR USING CASH COLLATERAL CLAIM BY ANY PARTY**

Case 8:13-bk-19490-CB    Doc 24    Filed 01/06/14    Entered 01/06/14 23:24:59    Desc
Main Document    Page 5 of 12

Any cash collateral is currently secured in a lockbox that goes directly to TerraCotta. Should Debtor want to use the cash collateral for any purpose other making payments to TerraCotta, Debtor shall seek permission of the Court.

**POST-PETITION OPERATIONS AND MAJOR ASSETS AND LIABILITIES**

Debtor has no operations except for collecting rent on the Chrysler Building and paying mortgage to TerraCotta. Debtor's major assets and liabilities post-petition are the same as prepetition.

**STATUS OF PRE-PETITION AND POST-PETITION LITIGATION**

AO II was involved in a pre-petition litigation wherein title was given back on the Chrysler Building. No litigation is currently pending with respect to acquiring title back on the Theatre Building as negotiations are ongoing. Litigation may be needed to enforce other potential claims- this will depend on the likelihood of success and the costs associated.

**IDENTITIES OF PROFESSIONALS RETAINER OR TO BE RETAINED**

Currently, the only certain professional retained or to be retained is Debtor's counsel, the Law Offices of Zhou & Chini as general insolvency counsel. An application for employment has filed already. The Debtor may also retain Joshua Wolff as special litigation counsel.

**EVIDENCE OF PROJECTED INCOME AND EXPENSES FOR THE FIRST 6 MONTHS**

The plan is most likely to be one based upon new financing.

**PROPOSED DEADLINE FOR FILING CLAIMS AND OBJECTIONS THERETO**

Debtor proposes February 8, 2014 as the deadline for filing claims and March 8, 2014 for filing objections thereto.

**PROPOSED DEADLINE FOR FILING DISCLOSURE STATEMENT AND PLAN**

Debtor proposes April 31, 2014 as the deadline for filing the plan and disclosure statement. This is beyond the 120 day period due to the fact that the Debtor is still trying to uncover information as it relates to all aspects of the Debtor including debts, fraudulent transfers

Status Conference Report         5

and/or preferential transfers.  This may determine the likelihood and success of financing and the type of plan drafted.

**DISCUSSION WITH RESPECT TO SIGNIFICANT LEASES AND EXECUTORY CONTRACTS**

Debtor has a lease with Chrysler Group Realty Company LLC on the Chrysler Building. Debtor anticipates assuming that lease at this time.

**THIS CASE IS NOT A SMALL BUSINESS CASE WITHIN THE MEANIG OF 11 USC § 101(51D)**

**THIS CASE IS NOT A SINGLE REAL ESTATE ASSET CASE WITHIN THE MEANING OF 11 USC § 101(51B)**

Dated:  January 6, 2014                                         /S/JAMES ZHOU

JAMES ZHOU, Attorney for Debtor

# DEC OF BARRY BAPTISTE

# DECLARATION OF BARRY BAPTISTE RE STATUS CONFERENCE REPORT

I, BARRY BAPTISTE, hereby **declare** as follows:

1.  I am the President of Debtor and Debtor-in-Possession, Auto Orange II, LLC ("AO II") in this case and as such I have personal knowledge of the contents contained in this declaration and would be able to testify thereto if so requested.

2.  Debtor filed for Chapter 11 Bankruptcy on November 21, 2013. Debtor was previously owned and controlled by a Marc Spizzirri. Due to a multi - million dollar judgment against him by my firm and brother Craig Baptiste Mr. Spizzirri's membership interest in AO II was foreclosed upon on May 17, 2013. Mr. Spizzirri's membership interest was bought by Craig Baptiste and my firm Mach-1 Autogroup. Management of AO II was transferred to us as per Court order dated November 1, 2013. Due to the recent transfer of management of AO II as well as the manner that it came about, we are still trying our best to uncover all aspects of the Debtor including dubious transfers made by the previous member.

3.  Debtor has title to a real property located at 32881 Camino Capistrano, San Juan Capistrano, CA 92672 ("Chrysler Building"); Debtor also claims ownership interest in real property located at located at 1700 North El Camino Real; San Juan Capistrano, CA 92672 ("Theater Building"). The previous member transferred AO II's interest in both of the aforementioned real properties to third parties with quitclaim deeds within the last year. Due to the circumstances of the transfers, I believe both were fraudulent and illegal. In fact, title to the Chrysler Building was recently transferred back to AO II right before the filing of this case after a short litigation but title to the Theatre Building still remains in the name of a third party- an entity to which Mr. Spizzirri is believed to hold interest in along with his long standing business partners.

Dec of Barry Baptiste Re Status Conference         1

4.  With respect to the Chrysler Building, there is a deed of trust held by TerraCotta Realty Fund, LLC (" TerraCotta") in the amount of $5,498,621. An entity controlled by Spizzirri and his cohorts also contend that it holds a second deed of trust on the Chrysler Building . There is also a long - term triple net lease on this building with the Chrysler Group Realty, LLC.

5.  As to the Theatre Building, Debtor needs to get title back to the property; The aforementioned entity controlled by Spizzirri and his cohorts contends that there is a deed of trust of $4,600,000 on the property.

6.  There are also substantial tax credits associated with both real properties.

7.  TerraCotta was going to foreclose on the Chrysler building on November 22, 2013. The present members were not aware of the foreclosure until a few days before the foreclosure. The petition was filed on November 21, 2013.

8.  Within the last year, Mr. Spizzirri also transferred title to real property located at 1211 North Batavia St, Orange, CA  92867 out of AO II to a PCT Properties, LLC. I am currently looking into the mechanics of this transfer to ascertain the facts surrounding the transfer.

9.  The Debtor is attempting to get title back to the Theatre Building without litigation, but if this is not resolved, litigation will be pursued. Litigation may also have to be pursued in regards to other potential claims that may arise as we discover more facts as it relates to AO II. The Debtor will also attempt to acquire financing to resolve any other legitimate debts.

10. The Debtor has complied with the applicable bankruptcy requirements and guidelines except for the recordation of the petition and submission of the real property questionnaire. Both should be done by the hearing date. The Debtor also needs to amend some of the schedules and statement of financial affairs as new information is being uncovered by the present members. The Debtor shall amend the necessary schedules and statement of financial affairs when the present members believe it has uncovered all or substantially all the information needed; this is in part to avoid the necessity of amending the same schedules and statements multiple times and every time new information are discovered as it would only serve to confuse the Court and other parties reviewing the documents. The Debtor does anticipate amending the aforementioned documents prior to the 341a meeting of creditors currently set for January 30, 2014 to give the United States Trustee's sufficient time to review the documents. The monthly operating report for November 2013 should also filed by the hearing date.

11. Debtor has no other operations except for collecting rent on the Chrysler Building and paying mortgage to TerraCotta. TerraCotta may claim the rent on the Chrysler Building as cash collateral; currently all rent payments are secured in lockbox paid directly to TerraCotta. Debtor's major assets and liabilities post-petition are the same as prepetition.

I declare under the penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Dated: January 6, 2014

BARRY BAPTISTE President of Debtor/Debtor In Possessio

Dec of Barry Baptiste Re Status Conference        3

| In re: | | CHAPTER: **11** |
|---|---|---|
| **Auto Orange II, LLC** | Debtor(s). | CASE NUMBER: **8:13-bk-19490** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**2151 Michelson Dr., Ste. 164**
**Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **STATUS CONFERENCE REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **1-6-14**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Lei Lei Wang Ekvall-** lekvall@wgllp.com
**Brian T Harvey-** bharvey@buchalter.com
**Scott O Smith-** ssmith@buchalter.com
**Office of United States Trustee**- ustpregion16.sa.ecf@usdoj.gov
**Elizabeth Lossing, counsel for United States Trustee**- elizabeth.lossing@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **January 6, 2014**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Honorable Catherine Bauer**
**United States Bankruptcy Court**
**Central District of California**
**Ronald Reagan Federal Building and Courthouse**
**411 West Fourth Street, Suite 5165 / Courtroom 5D**
**Santa Ana, CA 92701-4593**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **January 6, 2014** | **James Zhou** | /s/ **James Zhou** |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **9013-3.1.PROOF.SERVICE**

Main Document    Page 12 of 12

Assured Lender Services, LLC
2552 Walnut Avenue Ste 100
Tustin, CA 92780

Chrysler Group Realty Company LLC
1000 Chrylser Drive, CIMS 485-04-25
Auburn Hills, MI 48326-2766

El Camino Real Estate Holdings
32925 Avenida Del Rosal
San Juan Capistrano, CA 92675

Franchise Tax Board
PO Box 2952
Sacramento, CA 95812

Internal Revenue Services
PO Box 7346
Philadelphia, PA 19114

TerraCotta Realty Fund, LLC
2321 Rosecrans Avenue, Ste 3270
El Segundo, CA 90245