| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SCOTT O. SMITH (SBN: 62839)<br>BRIAN T. HARVEY (SBN: 238991)<br>BUCHALTER NEMER, A Professional Corporation<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90017<br>Telephone: (213) 891-0700<br>Facsimile: (213) 896-0400<br>Email: bharvey@buchalter.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>AUTO ORANGE II, LLC | CASE NO.: 8:13-bk-19490-CB<br><br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** |
| Debtor(s). | DATE: February 5, 2014<br>TIME: 10:00 a.m.<br>COURTROOM: 5D |

**Movant:** TERRACOTTA REALTY FUND, LLC

**Movant is the (*check one*):**

☒ Holder of deed of trust
☐ Assignee of holder of deed of trust
☐ Servicing agent for holder of deed of trust or assignee of holder of deed of trust

1. NOTICE IS HEREBY GIVEN to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012        ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　　　　　　　　　　　　　　Page 1　　　　　　　　　　　　　　**F 4001-1.RFS.RP.MOTION**
BN 15467045v1

3.  a. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

    b. ☐ This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence may be filed and served:

    ☐ at the hearing    ☐ at least _____ days before the hearing.

    (1) ☐ A Motion for Order Shortening Time was not required according to the calendaring procedures of the assigned judge.

    (2) ☐ A Motion for Order Shortening Time was filed pursuant to LBR 9075-1(b) and was granted by the court, and such motion and order have been or are being served upon the Debtor and trustee, if any.

    (3) ☐ A Motion for Order Shortening Time has been filed and is pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion, if any.

4.  You may contact the clerk's office to obtain a copy of an approved court form for use in preparing your response (*optional LBR form F 4001-1.RESPONSE*), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5.  If you fail to file a written response to the motion, if required, or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the motion and may grant the requested relief.

Date: January 7, 2014

BUCHALTER NEMER, A Professional Corporation
Printed name of law firm (if applicable)

Brian T. Harvey
Printed name of individual Movant or attorney for Movant

/s/ Brian T. Harvey
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 4001-1.RFS.RP.MOTION**
BN 15467045v1

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (Property):

    Street address: 32881 Camino Capistrano
    Unit/suite no.:
    City, state, zip code: San Juan Capistrano

    Legal description or document recording number (including county of recording): Orange County 2007000537022

    ☐ See attached continuation page.

2. **Case History:**

    a. ☒ A voluntary petition    ☐ An involuntary petition
       under chapter    ☐ 7    ☒ 11    ☐ 12    ☐ 13 was filed on (*specify date*): 11/21/13

    b. ☐ An Order of Conversion to chapter    ☐ 7    ☐ 11    ☐ 12    ☐ 13
       was entered on (*specify date*):

    c. ☐ Plan, if any, was confirmed on (*specify date*):

    d. ☐ Other bankruptcy cases affecting this Property were pending within the past two years. See attached declaration.

3. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☒ Movant's interest in the Property is not adequately protected.

            (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.

            (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower's obligation to insure the collateral under the terms of Movant's contract with Debtor.

            (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted to Movant.

        (2) ☒ The bankruptcy case was filed in bad faith to delay, hinder, and defraud Movant.

            (a) ☒ Movant is the only creditor or one of very few creditors listed on the Debtor's master mailing matrix.

            (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

            (c) ☐ The Debtor filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the petition and a few other documents. No other Schedules or Statement of Financial Affairs (or chapter 13 Plan, if appropriate) have been filed.

            (d) ☒ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F 4001-1.RFS.RP.MOTION**
BN 15467045v1

   (3) ☐ (*Chapter 12 or 13 cases only*)

     (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

     (b) ☐ Postpetition payments due on the note secured by a deed of trust on the Property have not been made to Movant.

   (4) ☐ For other cause for relief from stay, see attached continuation page.

 b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property, and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

 c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor has failed within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

 d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

   (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

   (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

5. **Evidence in Support of Motion: (*Important Note: Declaration(s) in support of the Motion MUST be attached hereto.*)**

 a. ☒ Movant submits the attached declaration(s) on the court's approved forms (*if applicable*) to provide evidence in support of this motion pursuant to the LBR.

 b. ☒ Other declaration(s) are also attached in support of this motion.

 c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's schedules. Authenticated copies of the relevant portions of the schedules are attached as Exhibit ____.

 d. ☐ Other evidence (*specify*): _____

6. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

**WHEREFORE, Movant prays that the court issue an Order terminating or modifying the stay and granting the following (*specify forms of relief requested*):**

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. **Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.**

3. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*  Page 4  **F 4001-1.RFS.RP.MOTION**
BN 15467045v1

4. ☒ Additional provisions requested:
   a. ☒ That the 14-day stay described by FRBP 4001(a)(3) is waived.
   b. ☐ That Extraordinary Relief be granted as set forth in the Attachment (*attach optional LBR Form F 4001-1.EXT.RELIEF.ATTACH*).
   c. ☐ For other relief requested, see attached continuation page.

5. If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.

Date: January 7, 2014

Respectfully submitted,

TerraCotta Realty Fund, LLC
Printed name of Movant

Brian T. Harvey
Printed name of attorney for Movant (if applicable)

/s/ Brian T. Harvey
Signature

Brian T. Harvey
Printed name of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*
BN 15467045v1

Page 5

**F 4001-1.RFS.RP.MOTION**

# REAL PROPERTY DECLARATION

I, Gregory A. Bloyd _____, declare as follows
(*Print Name of Declarant*)

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☒ I am employed by Movant as (*state title and capacity*): Senior Vice President

    ☐ Other (*specify*): _____

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. The Movant is:

    ☐ Original holder of the beneficial interest in the Property. A true and correct copy of a recorded proof of this interest is attached as Exhibit ___ (*e.g., deed of trust*).

    ☒ Assignee of the original holder of the beneficial interest in the Property. A true and correct copy of recorded proof of this interest is attached to the concurrently filed Bloyd Declaration as Exhibit 4.

    ☐ Servicing or subservicing agent pursuant to a servicing agreement or other documented authorization to act as Movant for the owner of the beneficial interest. Attached hereto as Exhibit ___ is a true and correct copy of the relevant part of the document which reflects authority to act as Movant for the owner of the beneficial interest.

4. a. The address of the Property that is the subject of this Motion is:

    Street address: 32881 Camino Capistrano
    Unit/suite no.: _____
    City, state, zip code: San Juan Capistrano, CA 92675

    b. The legal description or document recording number (including county of recording) set forth in Movant's deed of trust is attached to the Bloyd Declaration as Exhibit 2.

    ☐ See attached page.

5. Type of property (*check all applicable boxes*):

    a. ☐ Debtor's principal residence           b. ☐ Other single family residence
    c. ☐ Multi-unit residential                 d. ☒ Commercial
    e. ☐ Industrial                             f. ☐ Vacant land
    g. ☐ Other (*specify*): _____

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 6                              **F 4001-1.RFS.RP.MOTION**
BN 15467045v1

6. Nature of Debtor's interest in the Property:

   a. ☒ Sole owner
   b. ☐ Co-owner(s) (*specify*):
   c. ☐ Lien holder (*specify*):
   d. ☐ Other (*specify*):
   e. ☒ Debtor    ☒ did    ☐ did not    list the Property in the schedules filed in this case.
   f. ☐ Debtor acquired the interest in the Property by    ☐ grant deed    ☐ quitclaim deed    ☐ trust deed

      The deed was recorded on: _____

7. Amount of Movant's claim with respect to the Property:

   |    |                                                  | PREPETITION      | POSTPETITION | TOTAL |
   |----|--------------------------------------------------|------------------|--------------|-------|
   | a. | Principal:                                       | $ 5,349,931.01   | $            | $     |
   | b. | Accrued interest:                                | $   173,893.19   | $            | $     |
   | c. | Late charges                                     | $     4,944.84   | $            | $     |
   | d. | Costs (attorney's fees, other costs):            | $    20,915.00   | $            | $     |
   | e. | Advances (property taxes, insurance):            | $                | $            | $     |
   | f. | Less suspense account or partial balance paid:   | $[          ]    | $[         ] | $[   ]|
   | g. | TOTAL CLAIM as of:                               | $ 5,549,684.04   | $            | $     |

   h. ☐ Loan is all due and payable because it matured on (*specify date*): _____

8. Movant holds a    ☒ deed of trust    ☐ judgment lien    ☐ other (*specify*) _____
   that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached to the Bloyd Declaration as Exhibit 2.

   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached to the Bloyd Declaration as Exhibit 1.

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached to the Bloyd Declaration as Exhibit 3 and 4.

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on the following date: 7/25/13     or none recorded ☐
   b. Foreclosure sale originally scheduled for the following date: 11/22/13     or none scheduled ☐
   c. Foreclosure sale currently scheduled for the following date: _____ or none scheduled ☐
   d. Foreclosure sale already held on the following date: _____ or none held ☐
   e. Trustee's deed on sale already recorded on the following date: _____ or none recorded ☐

10. Attached (*optional*) hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the petition date.

11. ☒ (chapter 7 and 11 cases only):

    Status of Movant's loan:

    a. Amount of current monthly payment: $ 58,425.39     for the month of _____ 20__.
    b. Number of payments that have come due and were not made: _____. Total amount: $ See Bloyd Decl.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

c. Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $ 58,425.39 will come due on 1/10/14, and on the 10th day of each month thereafter. If the payment is not received within 11 days of said due date, a late charge of $ 0.5t will be charged to the loan.

d. The fair market value of the entire Property is $ 5,800,000.00, established by:

☒ Appraiser's declaration with appraisal is attached herewith as Exhibit 1.

☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

☐ A true and correct copy of relevant portion(s) of Debtor's schedules is attached as Exhibit _____.

☐ Other (*specify*): _____

e. **Calculation of equity in Property:**

Based upon ☒ preliminary title report    ☐ Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | **Name of Holder** | **Amount as Scheduled by Debtor (*if any*)** | **Amount known to Declarant and Source** |
|---|---|---|---|
| 1st deed of trust: | TerraCotta Realty Fund, LLC | 5,498.62 | 5,549,684.04 |
| 2nd deed of trust: | 1700 El Camino Real, LLC | | 3,278,065.00 |
| 3rd deed of trust: | | | 41,148.33 |
| Judgment liens: | Adair Roofing, Inc. | | |
| Taxes: | | | |
| Other: | | | |

**TOTAL DEBT: $**                                                                                                                8,868,897.37

f. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit 5 to Bloyd Declaration and consists of:

☒ Preliminary title report

☐ Relevant portions of Debtor's schedules as filed in this case

☐ Other (*specify*): _____

g. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 11d above, the Debtor's equity in the Property is $ 0.00 (§ 362(d)(2)(A)).

h. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ 250,316.00 (§ 362(d)(1)).

i. Estimated costs of sale: $ 290,000.00 (estimate based upon 5% of estimated gross sales price)

j. The fair market value of the Property is declining based on or due to: _____

12. ☐ (Chapter 12 and 13 cases only)

Chapter 12 or 13 case status information:

a. A 341(a) meeting is currently scheduled for (*or concluded on*) the following date: _____
Confirmation hearing currently scheduled for (or concluded on) the following date: _____
Plan was confirmed on the following date (*if applicable*): _____

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                Page 8                                                **F 4001-1.RFS.RP.MOTION**
BN 15467045v1

    b.  Postpetition payments due BUT REMAINING UNPAID since the filing of the case:

| (Number of) | | | | | |
|---|---|---|---|---|---|
| (Number of) | payment(s) due at | $ | Each = | $ | 0.00 |
| (Number of) | payment(s) due at | $ | Each = | $ | 0.00 |
| (Number of) | payment(s) due at | $ | Each = | $ | 0.00 |
| (Number of) | payment(s) due at | $ | Each = | $ | 0.00 |
| (Number of) | late charges at | $ | Each = | $ | 0.00 |
| (Number of) | late charges at | $ | Each = | $ | 0.00 |
| (Number of) | late charges at | $ | Each = | $ | 0.00 |
| (Number of) | late charges at | $ | Each = | $ | 0.00 |

(*See attachment for additional breakdown or information attached as Exhibit _____.*)

    c.  Postpetition advances or other charges due but unpaid:     $
(*See attachment for details of type and amount attached as Exhibit _____.*)

    d.  Attorneys' fees and costs     $
(*See attachment for details of type and amount attached as Exhibit _____.*)

    e.  Less suspense account or partial paid balance     $[    ]

        TOTAL POSTPETITION DELINQUENCY:     $

    f.  Future payments due by time of anticipated hearing date (*if applicable*): _____
An additional payment of $ _____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $ _____ will be charged to the loan.

    g.  Amount and date of the last 3 postpetition payments received in good funds, regardless of how applied, from the Debtor, if applicable:

        $ _____ received on _____
        $ _____ received on _____
        $ _____ received on _____

    h.  ☐ The claim is provided for in the chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

    i.  ☐ See attached declaration(s) of chapter 12 or 13 Trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

13. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

14. ☐ The court determined on _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder, and or defraud Movant.

16. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    a.  ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 9     **F 4001-1.RFS.RP.MOTION**
BN 15467045v1

b. ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

1. Case name:                                Chapter:
   Case number:                              Date dismissed:              Date discharged:
   Date filed:
   Relief from stay re this Property ☐ was   ☐ was not granted.

2. Case name:                                Chapter:
   Case number:                              Date dismissed:              Date discharged:
   Date filed:
   Relief from stay re this Property ☐ was   ☐ was not granted.

3. Case name:                                Chapter:
   Case number:                              Date dismissed:              Date discharged:
   Date filed:
   Relief from stay re this Property ☐ was   ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

17. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in Exhibit _____ attached hereto.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| January 7, 2014 | Gregory A. Bloyd | *[signature]* |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*           Page 10           F 4001-1.RFS.RP.MOTION
BN 15467045v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 7, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
   ATTORNEY FOR CREDITOR:  Kyra E Andrassy    kandrassy@wgllp.com, msciesinski@wgllp.com
   INTERESTED PARTY: Lei Lei Wang Ekvall, lekvall@wgllp.com, tjones@wgllp.com
   ATTORNEY FOR CREDITOR: Brian T Harvey, bharvey@buchalter.com, IFS_filing@buchalter.com;rreeder@buchalter.com
   ATTORNEY FOR US TRUSTEE: Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
   ATTORNEY FOR CREDITOR: Scott O Smith, ssmith@buchalter.com
   UNITED STATES TRUSTEE:United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
   ATTORNEY FOR DEBTOR: James D Zhou,jzhou@zhouchinilaw.com,zclawbeth@gmail.com; rchini@zhouchinilaw.com;ggarcia@zhouchinilaw.com;ajafroudi@zhouchinilaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 7, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
   **Debtor**
   Auto Orange II, LLC
   9160 Irvine Center Dr., Suite 200
   Irvine, CA 92618

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 7, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Via Overnight Mail - FedEx**
Honorable Catherin E. Bauer
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5165
Santa Ana, CA 92701-4593
(courtesy copies: bin beside 5th floor elevators)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 7, 2014 | R. Reeder | /s/ R. Reeder |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                Page 11                                                **F 4001-1.RFS.RP.MOTION**
BN 15467045v1

**SERVED BY UNITED STATES MAIL**:

**20 Largest Unsecured Creditors**

Franchise Tax Board  
PO Box 2952  
Sacramento, CA 95812

Internal Revenue Services  
PO Box 7346  
Philadelphia, PA 19114

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                  Page 11                              **F 4001-1.RFS.RP.MOTION**
BN 15467045v1