# EXHIBIT 1

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $5,700,000.00 | 08-23-2007 | 09-01-2012 | 4413 | | | 480 | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** AUTO ORANGE II, LLC
33033 CAMINO CAPISTRANO
SAN JUAN CAPISTRANO, CA 92675

**Lender:** PACIFIC MERCANTILE BANK
COSTA MESA FINANCIAL CENTER
949 SOUTH COAST DRIVE, SUITE 105
COSTA MESA, CA 92626

**Principal Amount:** $5,700,000.00    **Interest Rate:** 7.375%    **Date of Note:** August 23, 2007

**PROMISE TO PAY.** AUTO ORANGE II, LLC ("Borrower") promises to pay to PACIFIC MERCANTILE BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Five Million Seven Hundred Thousand & 00/100 Dollars ($5,700,000.00), together with interest at the rate of 7.375% on the unpaid principal balance from August 23, 2007, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** Borrower will pay this loan in 59 regular payments of $39,859.21 each and one irregular last payment estimated at $5,442,783.05. Borrower's first payment is due October 1, 2007, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on September 1, 2012, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREPAYMENT FEE; MINIMUM INTEREST CHARGE.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. In any event, even upon full prepayment of this Note, Borrower understands that Lender is entitled to a minimum interest charge of $100.00. Upon prepayment of this Note, Lender is entitled to the following prepayment fee: In any event of full prepayment of this Note, Borrower understands there is a prepayment penalty of 2.00% of the outstanding principal balance for the first year; 1.00% for the second year and none thereafter. Other than Borrower's obligation to pay any minimum interest charge and prepayment fee, Borrower may pay all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Pacific Mercantile Bank, 949 South Coast Drive, Suite 300 Costa Mesa, CA 92626.

**LATE CHARGE.** If a payment is 11 days or more late, Borrower will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, at Lender's option, and if permitted by applicable law, Lender may add any unpaid accrued interest to principal and such sum will bear interest therefrom until paid at the rate provided in this Note (including any increased rate). Upon default, the interest rate on this Note shall, if permitted under applicable law, immediately become 18.000%.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of California.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of ORANGE County, State of California.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $25.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

Exhibit 1 Page 000004 (Bloyd Declaration)

| Loan No: 4413 | PROMISSORY NOTE (Continued) | Page 2 |

**COLLATERAL.** Borrower acknowledges this Note is secured by the following collateral described in the security instruments listed herein:

(A) a Deed of Trust dated August 23, 2007, to a trustee in favor of Lender on real property located in ORANGE County, State of California. That agreement contains the following due on sale provision: Lender may, at Lender's option, declare immediately due and payable all sums secured by the Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Borrower is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Borrower. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

(B) an Assignment of All Rents to Lender on real property located in ORANGE County, State of California.

(C) fixtures described in a Commercial Security Agreement dated August 23, 2007.

**ARBITRATION.** Borrower and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Borrower and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**BORROWER:**

AUTO ORANGE II, LLC

By: _____
MARC J. SPIZZIRRI, Manager of AUTO ORANGE II, LLC

Boarded: _____ Date: 8-24-07
Called Back: _____ Date: 8/30/10

Exhibit 1 Page 000005 (Bloyd Declaration)

# CHANGE IN TERMS AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $5,467,916.98 | 08-23-2007 | 09-01-2012 | 4413 | | | 446 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** AUTO ORANGE II, LLC
33033 CAMINO CAPISTRANO
SAN JUAN CAPISTRANO, CA 92675

**Lender:** PACIFIC MERCANTILE BANK
COSTA MESA FINANCIAL CENTER
949 SOUTH COAST DRIVE, SUITE 105
COSTA MESA, CA 92626

**Principal Amount: $5,467,916.98**          **Date of Agreement: January 5, 2012**

**DESCRIPTION OF EXISTING INDEBTEDNESS.** A loan evidenced by a Promissory Note dated August 23, 2007, in the original principal amount of $5,700,000.00, modified by Change In Terms Agreement dated December 29, 2010 ("Note").

**DESCRIPTION OF COLLATERAL.** A lien on real property evidenced by Deed of Trust dated August 23, 2007, recorded on August 29, 2007 in the Official Records of Orange County with Instrument No. 2007000537022.

**DESCRIPTION OF CHANGE IN TERMS.** The payment due date is hereby changed from the 1st to the 5th day of each month, see, "PAYMENT" paragraph below.

**PAYMENT.** Borrower will pay this loan in accordance with the following payment schedule, which calculates interest on the unpaid principal balances as described in the "INTEREST CALCULATION METHOD" paragraph using the interest rates described in this paragraph: 7 monthly consecutive principal and interest payments of $39,859.21 each, beginning February 5, 2012, with interest calculated on the unpaid principal balances using an interest rate of 7.375%; and one principal and interest payment of $5,456,733.17 on September 1, 2012, with interest calculated on the unpaid principal balances using an interest rate of 7.375%. This estimated final payment is based on the assumption that all payments will be made exactly as scheduled; the actual final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts on this loan.

**INTEREST CALCULATION METHOD.** Interest on this loan is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this loan is computed using this method.

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT. BORROWER AGREES TO THE TERMS OF THE AGREEMENT.

**BORROWER:**

AUTO ORANGE II, LLC

By: _____
MARC J. SPIZZIRRI, Manager of AUTO ORANGE II, LLC

Exhibit 1 Page 000006 (Bloyd Declaration)

# DISBURSEMENT REQUEST AND AUTHORIZATION

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $5,467,916.98 | 08-23-2007 | 09-01-2012 | 4413 | | | 446 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** AUTO ORANGE II, LLC
33033 CAMINO CAPISTRANO
SAN JUAN CAPISTRANO, CA 92675

**Lender:** PACIFIC MERCANTILE BANK
COSTA MESA FINANCIAL CENTER
949 SOUTH COAST DRIVE, SUITE 105
COSTA MESA, CA 92626

**LOAN TYPE.** This is a Fixed Rate (7.375% initial rate) Nondisclosable Loan to a Limited Liability Company for $5,467,916.98 due on September 1, 2012. This is a secured renewal loan.

**PRIMARY PURPOSE OF LOAN.** The primary purpose of this loan is for:

☐ **Personal, Family, or Household Purposes or Personal Investment.**

☒ **Business (Including Real Estate Investment).**

**SPECIFIC PURPOSE.** The specific purpose of this loan is: To modify payment due date.

**FLOOD INSURANCE.** As reflected on Flood Map No. 06059C 0506H dated 02-18-2004, for the community of CITY OF SAN JUAN CAPISTRANO, some of the property that will secure the loan is not located in an area that has been identified by the Director of the Federal Emergency Management Agency as an area having special flood hazards. Therefore, although flood insurance may be available for the property, no special flood hazard insurance protecting property not located in an area having special flood hazards is required by law for this loan at this time.

**DISBURSEMENT INSTRUCTIONS.** Borrower understands that no loan proceeds will be disbursed until all of Lender's conditions for making the loan have been satisfied. Please disburse the loan proceeds of $5,467,916.98 as follows:

| | |
|---|---|
| **Other Disbursements:** | $5,467,916.98 |
| $5,467,916.98 Modification of Loan# 601904413 | |
| **Note Principal:** | $5,467,916.98 |

**DISBURSEMENTS.** Borrower understands that the disbursed amount(s) as indicated above may be an estimate and the actual amount(s) will be determined at time of funding.

**FINANCIAL CONDITION. BY SIGNING THIS AUTHORIZATION, BORROWER REPRESENTS AND WARRANTS TO LENDER THAT THE INFORMATION PROVIDED ABOVE IS TRUE AND CORRECT AND THAT THERE HAS BEEN NO MATERIAL ADVERSE CHANGE IN BORROWER'S FINANCIAL CONDITION AS DISCLOSED IN BORROWER'S MOST RECENT FINANCIAL STATEMENT TO LENDER. THIS AUTHORIZATION IS DATED JANUARY 5, 2012.**

**BORROWER:**

**AUTO ORANGE II, LLC**

By: ______________________________
MARC J. SPIZZIRRI, Manager of AUTO ORANGE II, LLC

LASER PRO Lending, Ver. 5.58.20.001 Copr. Harland Financial Solutions, Inc. 1997, 2012. All Rights Reserved. CA

# CHANGE IN TERMS AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $5,426,347.62 | 08-23-2007 | 09-10-2014 | 1413 | | | 446 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** AUTO ORANGE II, LLC
33033 CAMINO CAPISTRANO
SAN JUAN CAPISTRANO, CA 92675

**Lender:** PACIFIC MERCANTILE BANK
SAN JUAN CAPISTRANO
31601 AVENIDA LOS CERRITOS
SAN JUAN CAPISTRANO, CA 92675

**Principal Amount: $5,426,347.62**                                                                                                     **Date of Agreement: September 19, 2012**

**DESCRIPTION OF EXISTING INDEBTEDNESS.**
A loan evidenced by a Promissory Note dated August 23, 2007, in the original principal amount of $5,700,000.00, modified by Change In Terms Agreement dated December 29, 2010 and January 5, 2012 ("Note").

**DESCRIPTION OF COLLATERAL.**
A lien on real property evidenced by Deed of Trust dated August 23, 2007, recorded on August 29, 2007 in the Official Records of Orange County with instrument No. 2007000537022.

**DESCRIPTION OF CHANGE IN TERMS.**
Extend the maturity date from September 1, 2012 to September 10, 2014.

Reduce interest rate from 7.375% fixed to 5.300% fixed.

Add an additional guarantor of Spizzirri Family Trust.

The payment due date is hereby changed from the 1st to the 10th day of each month, see, "PAYMENT" paragraph below.

**PAYMENT.** Borrower will pay this loan in 23 regular payments of $32,965.54 each and one irregular last payment estimated at $5,248,162.68. Borrower's first payment is due October 10, 2012, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on September 10, 2014, and will be for all principal and all accrued interest not yet paid.

**INTEREST CALCULATION METHOD.** Interest on this loan is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this loan is computed using this method.

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

**CONDITIONS SUBSEQUENT TO FUNDING.** Borrower and Guarantor shall provide Lender with the following Conditions subsequent to funding:

1) Borrower to provide annual operating statements by January 30 each year.

2) Borrower to be responsible for paying any shortfall between the monthly rent paid by the tenant and loan payment within 10 days.

3) Guarantors to provide updated personal financial statements annually, no later than by 8/1 each year.

PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT. BORROWER AGREES TO THE TERMS OF THE AGREEMENT.

**BORROWER:**

AUTO ORANGE II, LLC

By: _____
MARC J. SPIZZIRRI, Manager of AUTO ORANGE II, LLC

LASER PRO Lending, Ver. 12.2.0.003 Copr. Harland Financial Solutions, Inc. 1997, 2012. All Rights Reserved. - CA J:\CFI\LPL\D20C.FC TR-3072 PR-12

Boarded: _____ Date: 10/22/12
Called Back: _____ Date: 10/30/12

Exhibit 1 Page 000008 (Bloyd Declaration)