# EXHIBIT 6

# First American Title Insurance Company

MORTGAGE SERVICES DIVISION
3 FIRST AMERICAN WAY, SANTA ANA, CA 92707

**JANUARY 3, 2014**

**BUCHALTER NEMER**
**1000 WILSHIRE BOULEVARD, #1500**
**LOS ANGELES, CA 90017**
**ATTN: MIKKI VARELA**

REFERENCE: **T2974.04/UNKNOWN**
OUR ORDER NUMBER: **8392532**

THE ITEMS ENCLOSED WERE PREPARED FOR THE SOLE USE OF THE HEREIN-NAMED TRUSTEE. THESE ITEMS SHOULD
NOT BE RELIED UPON BY ANY THIRD PARTY AS A CONDITION OF TITLE.

**First American Title Insurance Company**
**Mortgage Services Division**

CHRISTOPHER CRUZ
TITLE OFFICER
PH: 714-250-4945
**FX: 714-800-7835**

ENCLOSURE

Exhibit 6 Page 000030 (Bloyd Declaration)

**ORDER NO: 8392532**
**REFERENCE NO: T2974.04**
**FILE NO:**
**TITLE OFFICER: CHRISTOPHER CRUZ**

# First American Title Insurance Company
SOUTHERN CALIFORNIA - NATIONAL DEFAULT TITLE, 3 FIRST AMERICAN WAY
SANTA ANA, CA 92707

## RECORD PROPERTY INFORMATION REPORT

**BUCHALTER NEMER**
**1000 WILSHIRE BOULEVARD, #1500**
**LOS ANGELES, CA 90017**
**ATTN:  MIKKI VARELA**

AS OF THE DATE HEREOF:  **DECEMBER 23, 2013**                                    Order# **8392532**

A.    THE LAST RECORDED DOCUMENT PURPORTING TO TRANSFER TITLE TO THE LAND DESCRIBED HEREIN SHOWS THE FOLLOWING:

PURPORTED OWNER:   **AUTO ORANGE II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**

**SUBJECT TO PROCEEDINGS PENDING IN THE BANKRUPTCY COURT OF THE CENTRAL DISTRICT OF THE U. S. DISTRICT COURT, CALIFORNIA, ENTITLED IN RE AUTO ORANGE II, LLC, DEBTOR, CASE NO. 8:13-BK-19490-CB, WHEREIN A PETITION WAS FILED UNDER CHAPTER 11 ON NOVEMBER 21, 2013.**

PROPERTY ADDRESS:  **32881 CAMINO CAPISTRANO, SAN JUAN CAPISTRANO, CA 92675**

B.    ACCORDING TO THE LATEST EQUALIZED ASSESSMENT ROLL THE FOLLOWING AD VALOREM TAX INFORMATION IS SHOWN:

ASSESSED VALUATION OF THE LAND:                              **$4,473,720.00**

ASSESSED VALUATION OF THE IMPROVEMENTS:                       **$1,684,914.00**

EXEMPTIONS:                                                   **$.00**

C.    ACCORDING TO THE CURRENT YEAR TAX  FIGURES PROVIDED BY THE TAXING AUTHORITY THE FOLLOWING TAX INSTALLMENT AMOUNTS AND STATUS IS SHOWN:

1.  GENERAL AND SPECIAL TAXES FOR THE FISCAL YEAR **2013-2014,**
FIRST INSTALLMENT:         **$32,367.50, PAID**.
PENALTY:                   **$3,236.75.**
SECOND INSTALLMENT:        **$32,367.50, OPEN.**
PENALTY:                   **$3,259.75.**
CODE AREA:                 **23-007**.
A. P. NO.:                 **668-291-13**.
EXEMPTION:                 **$0.**
LAND:                      **$4,473,720.00**
IMPROVEMENT:               **$1,684,914.00**
TOTAL AMOUNT:              **$6,158,634.00**

Exhibit 6 Page 000031 (Bloyd Declaration)

ORDER NO: 8392532
REFERENCE NO: T2974.04
FILE NO:
TITLE OFFICER: CHRISTOPHER CRUZ

**NOTE: THE TAX INFORMATION SET FORTH ABOVE REFLECTS CURRENT YEAR GENERAL TAX INFORMATION ONLY. THE RECORD PROPERTY INFORMATION REPORT DOES NOT PROVIDE INFORMATION RELATING TO SUPPLEMENTAL TAX BILLS AND/OR PRIOR YEARS(S) DEFAULTED TAXES.

Exhibit 6 Page 000032 (Bloyd Declaration)

ORDER NO: 8392532
REFERENCE NO: T2974.04
FILE NO:
TITLE OFFICER: CHRISTOPHER CRUZ

D.   OFFICIAL RECORDS OF THE COUNTY WHERE THE LAND IS LOCATED SHOWS THE FOLLOWING DEED(S) OF TRUST AFFECTING THE LAND:

1.   A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS OF **$5,700,000.00**, AND ANY AMOUNTS OR OBLIGATIONS SECURED THEREBY, RECORDED **AUGUST 29, 2007** AS INSTRUMENT NO. **2007000537022** OF OFFICIAL RECORDS.
DATED:                    **AUGUST 23, 2007**.
TRUSTOR:                **AUTO ORANGE II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**.
TRUSTEE:                **PACIFIC MERCANTILE BANK**.
BENEFICIARY:        **PACIFIC MERCANTILE BANK**.

NOTE :   AN INSTRUMENT ENTITLED **"ASSIGNMENT OF LOAN DOCUMENTS, ASSIGNMENT OF DEED OF TRUST, AND ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS"**, RELATING TO THE ABOVE MENTIONED DEED OF TRUST, WAS RECORDED **JULY 03, 2013** AS INSTRUMENT NO. **2013000403008** OF OFFICIAL RECORDS, EXECUTED BY **PACIFIC MERCANTILE BANK, A CALIFORNIA BANKING CORPORATION** TO **PM ASSET RESOLUTION, INC., A CALIFORNIA CORPORATION**.

NOTE :   NOTICE OF DEFAULT RECORDED **JULY 25, 2013** AS INSTRUMENT NO. **2013000445342** OF OFFICIAL RECORDS.

NOTE :   AN INSTRUMENT ENTITLED **"ASSIGNMENT OF DEED OF TRUST"**, RELATING TO THE ABOVE MENTIONED DEED OF TRUST, WAS RECORDED **SEPTEMBER 11, 2013** AS INSTRUMENT NO. **2013000528894** OF OFFICIAL RECORDS, EXECUTED BY **PM ASSET RESOLUTION, INC., A CALIFORNIA CORPORATION** TO **TERRACOTTA REALTY FUND, LLC, A DELAWARE LIMITED LIABILITY COMPANY**.

NOTE :   A DOCUMENT RECORDED **OCTOBER 28, 2013** AS INSTRUMENT NO. **2013000602582** OF OFFICIAL RECORDS EXECUTED BY **TERRACOTTA REALTY FUND, LLC, A DELAWARE LIMITED LIABILITY COMPANY** PROVIDES THAT **ASSURED LENDER SERVICES, INC.** WAS SUBSTITUTED AS TRUSTEE UNDER THE DEED OF TRUST.

NOTE :   A NOTICE OF TRUSTEE'S SALE DATED **OCTOBER 25, 2013**, EXECUTED BY **ASSURED LENDER SERVICES, INC.**, RECORDED **OCTOBER 28, 2013** AS INSTRUMENT NO. **2013000602583** OF OFFICIAL RECORDS. SAID NOTICE SETS FORTH, AMONG OTHER ITEMS, A PURPORTED SALE DATE OF **NOVEMBER 22, 2013** AT **09:00 AM**.

2. AN ASSIGNMENT OF RENTS AND AGREEMENT NOT TO ENCUMBER OR SELL, GIVEN TO SECURE A NOTE IN THE PRINCIPAL AMOUNT SET FORTH BELOW.
RECORDED:            **AUGUST 29, 2007** AS INSTRUMENT NO. **2007000537023** OF OFFICIAL RECORDS.
AMOUNT:                **$5,700,000.00**.
EXECUTED BY:        **AUTO ORANGE II, LLC**.

NOTE :   AN INSTRUMENT ENTITLED **"ASSIGNMENT OF ASSIGNMENT OF RENTS"**, RELATING TO THE ABOVE MENTIONED ASSIGNMENT OF RENTS, WAS RECORDED **SEPTEMBER 11, 2013** AS INSTRUMENT NO. **2013000528895** OF OFFICIAL RECORDS, EXECUTED BY **PM ASSET RESOLUTION, INC., A CALIFORNIA CORPORATION** TO **TERRACOTTA REALTY FUND LLC, A DELAWARE LIMITED LIABILITY COMPANY.**

3.   A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS OF **$3,278,065.00**, AND ANY AMOUNTS OR OBLIGATIONS SECURED THEREBY, RECORDED **JUNE 22, 2013** AS INSTRUMENT NO. **2013000310377** OF OFFICIAL RECORDS.
DATED:                    **MAY 22, 2013**.
TRUSTOR:                **AUTO ORANGE II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**.
TRUSTEE:                **FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION**.
BENEFICIARY:        **1700 N. EL CAMINO REAL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**.

**Exhibit 6 Page 000033 (Bloyd Declaration)**

**ORDER NO: 8392532**
**REFERENCE NO: T2974.04**
**FILE NO:**
**TITLE OFFICER: CHRISTOPHER CRUZ**

E.   OFFICIAL RECORDS OF THE COUNTY SHOWS THE GENERAL INDEX MATTERS AGAINST THE PURPORTED OWNERS AS FOLLOWS:

1.  AN ABSTRACT OF JUDGMENT RECORDED **OCTOBER 19, 2010** AS INSTRUMENT NO. **2010000547614** OF OFFICIAL RECORDS.
COURT:                      **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**.
CASE NO.:                  **30-2008-00084471**.
DEBTOR:                    **AUTO ORANGE II, LLC**.
CREDITOR:                  **ADAIR ROOFING, INC**.
AMOUNT:                    **$41,148.33**, AND ANY OTHER AMOUNTS DUE THEREUNDER.

2.  PROCEEDINGS PENDING IN THE BANKRUPTCY COURT OF THE **CENTRAL** DISTRICT OF THE U. S. DISTRICT COURT, **CALIFORNIA**, ENTITLED IN RE **AUTO ORANGE II, LLC**, DEBTOR, CASE NO. **8:13-BK-19490-CB**, WHEREIN A PETITION WAS FILED UNDER CHAPTER **11** ON **NOVEMBER 21, 2013**.

## LIMITATION OF LIABILITY

RECIPIENT RECOGNIZES THAT IT IS DIFFICULT TO DETERMINE THE EXTENT OF DAMAGES WHICH COULD ARISE FROM ANY ERROR OR OMISSION IN THIS REPORT.   RECIPIENT RECOGNIZES THAT THE FEE CHARGED IS NOMINAL IN RELATION TO THE POTENTIAL DAMAGES OR LIABILITIES ARISING FROM ANY SUCH ERROR OR OMISSION.    AS A PART OF THE CONSIDERATION GIVEN IN EXCHANGE FOR THE ISSUANCE OF THIS REPORT, THE RECIPIENT AGREES THAT THE COMPANY'S SOLE LIABILITY FOR ANY LOSS OR DAMAGE ARISING BY REASON OF ANY ERROR OR OMISSION CONTAINED HEREIN SHALL BE LIMITED BY THIS PARAGRAPH. IN NO EVENT SHALL SUCH LIABILITY EXCEED THE FEE AMOUNT CHARGED FOR THIS REPORT.

**ORDER NO: 8392532**
**REFERENCE NO: T2974.04**
**FILE NO:**
**TITLE OFFICER: CHRISTOPHER CRUZ**

F.    THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE **STATE OF CALIFORNIA, COUNTY OF ORANGE, CITY OF SAN JUAN CAPISTRANO**, AND DESCRIBED AS FOLLOWS:

PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.

668-291-13

* * * * * * * *

Exhibit 6 Page 000035 (Bloyd Declaration)

**ORDER NO: 8392532**
**REFERENCE NO: T2974.04**
**FILE NO:**
**TITLE OFFICER: CHRISTOPHER CRUZ**

**EXHIBIT "A"**

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE **STATE OF CALIFORNIA, COUNTY OF ORANGE, CITY OF SAN JUAN CAPISTRANO**, AND DESCRIBED AS FOLLOWS:

PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.

668-291-13

* * * * * * * *

**Exhibit 6 Page 000036 (Bloyd Declaration)**



PARCEL MAP    P.M. 79-26
             P.M. 103-18

NOTE – ASSESSOR'S BLOCK &
        PARCEL NUMBERS
        SHOWN IN CIRCLES

ASSESSOR'S MAP
BOOK 668  PAGE 29
COUNTY OF ORANGE

Exhibit 6 Page 000037 (Bloyd Declaration)

| - FIRST AMERICAN TITLE, 1LD, 1075 | | ORANGE, CA |
|---|---|---|
| 01/03/2014  11:36AM  HL5C | | PAGE 1 OF 2 |
| ORANGE  2013-14 TAX ROLL | ORDER SEARCH RESULTS | |
| ORDER: 8392532 | TOF: 00 | COMMENT: |

### PAYMENTS AS OF 12/27/2013
### SEARCH PARAMETERS

ENTERED APN: 668-291-13

✔ **APN: 668-291-13**

    TRA:    23-007 - CITY OF SAN JUAN                                    DOC#: 2011-228470
            CAPISTRANO
    LEGAL:  P BK 79 PG 26 PAR 1
    SITUS:  32881 CAMINO CAPISTRANO
    MAIL:   C/O CRC PT 485-12-30 1000 CHRYSLER DR AUBURN HILLS, MI 48326-2766

| ASSESSED OWNER(S) | | 2013-14 ASSESSED VALUES |
|---|---|---|
| AUTO ORANGE II LLC | LAND | 4,473,720 |
| | IMPROVEMENTS | 1,684,914 |
| | TAXABLE | **6,158,634** |

| 2013-14 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
|---|---|---|---|
| STATUS | PAID | OPEN | |
| PAYMENT DATE | 11/27/2013 | | |
| DELINQUENT DATE | 12/10/2013 | 04/10/2014 | |
| INSTALLMENT | 32,367.50 | 32,367.50 | 64,735.00 |
| PENALTY | 3,236.75 | 3,259.75 | 6,496.50 |
| BALANCE DUE | .00 | 32,367.50 | **32,367.50** |

| WARNINGS AND/OR COMMENTS |
|---|

** NO BONDS OR PRIOR YEAR DELQ TAXES **

| ASSESSMENT DETAIL | | | |
|---|---|---|---|
| CODE # | TYPE | AMOUNT | JURISDICTION |
| A1 | ALL PROP AV TAX | 64,685.36 | |
| BA | MOSQ,FIRE ANT ASSMT | 25.10 | ORANGE COUNTY VECTOR CONTROL DISTR |
| C7 | MWD WATER STDBY CHG | 19.74 | MWD-MWDOC REMAINDER AREA 1205999 |
| B3 | VECTOR CONTROL CHG | 4.80 | ORANGE COUNTY VECTOR CONTROL DISTR |
| | | 64,735.00 | TOTAL OF SPECIAL ASSESSMENTS |

| ADDITIONAL PROPERTY INFORMATION |
|---|

    USE CODE:    CMRCL

✔ **APN: 668-291-13.0100**                                              **DATE: 11/10/2010**

    TRA:    23-007  - CITY OF SAN JUAN
            CAPISTRANO
    SITUS:  32881 CAMINO CAPISTRANO
    FOR 2013-14 TAX YEAR                                        ** SUPPLEMENTAL BILL **

| ASSESSED OWNER(S) | | 2013-14 ASSESSED VALUES |
|---|---|---|
| CHRYSLER GROUP REALTY CO | LAND | 0 |

Exhibit 6 Page 000038 (Boyd Declaration)

**- FIRST AMERICAN TITLE, 1LD, 1075**                                    **ORANGE, CA**

**01/03/2014  11:36AM  HL5C**                                          **PAGE 2 OF 2**

**ORANGE  2013-14 TAX ROLL**          **ORDER SEARCH RESULTS**

**ORDER: 8392532**                              **TOF: 00**                          **COMMENT:**

| 2013-14 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
|---|---|---|---|
| STATUS | NO TAX DUE | NO TAX DUE | |
| DELINQUENT DATE | 04/01/2013 | 07/31/2013 | |
| INSTALLMENT | .00 | .00 | .00 |
| PENALTY | .00 | .00 | .00 |
| BALANCE DUE | .00 | .00 | **.00** |

| WARNINGS AND/OR COMMENTS |
|---|

SUPPLEMENTAL ROLL YEAR 2010-2013

  REASON:   FOR OWNER CHANGE OR COMPLETED CONSTRUCTION

✔ **APN:  668-291-13.0200**                                          **DATE: 06/16/2011**

  TRA:   23-007 - CITY OF SAN JUAN
              CAPISTRANO

  SITUS: 32881 CAMINO CAPISTRANO

  FOR 2013-14 TAX YEAR                                    ** SUPPLEMENTAL BILL **

| ASSESSED OWNER(S) | | 2013-14 ASSESSED VALUES |
|---|---|---|
| CHRYSLER GROUP REALTY CO | LAND | 0 |

| 2013-14 TAXES | 1ST INST | 2ND INST | TOTAL TAX |
|---|---|---|---|
| STATUS | PAID | PAID | |
| PAYMENT DATE | 05/22/2013 | 09/23/2013 | |
| DELINQUENT DATE | 05/31/2013 | 09/30/2013 | |
| INSTALLMENT | 3,788.14 | 3,788.14 | 7,576.28 |
| PENALTY | 378.81 | 401.81 | 780.62 |
| BALANCE DUE | .00 | .00 | **.00** |

| WARNINGS AND/OR COMMENTS |
|---|

SUPPLEMENTAL ROLL YEAR 2011-2013

  REASON:   FOR OWNER CHANGE OR COMPLETED CONSTRUCTION

| CURRENT OPEN ORDERS | | | |
|---|---|---|---|
| TOF | COMPANY | ORDER | DATE |
| 00 | FA | 0000000 | 11/01/2013 |
| 07 | FA | 0621785 | 07/25/2013 |
| 00 | FA | 8392532 | 12/26/2013 |

| CONDITIONS, DISCLAIMERS AND EXCLUSIONS |
|---|

This Tax Certificate/Tax Order Report does not constitute a report on or certification of: (1) mineral (productive and/or non-productive) taxes or leases; (2) personal property taxes; or (3) other non ad valorem taxes (such as paving liens, stand-by charges or maintenance assessments).

Exhibit 6 Page 000039 (Bloya Declaration)

Data Trace Information Services LLC ("Data Trace") may have warranted the accuracy of this Tax Certificate/Tax Order Report to its customer (the "Data Trace Customer") pursuant to the terms and conditions of a written tax service agreement between Data Trace and said Data Trace Customer (the "Tax Service Agreement"). Any such warranty (hereinafter, "Data Trace Customer Warranty") does not: (a) extend to a third party bearer of this Tax Certificate/Tax Order Report; (b) cover any changes made to the records of the taxing authority after the "payments as of," "paid," or "payment" dates delineated above; and (c) cover any invalid tax information shown on the records of the taxing authority or resulting from an error by the Data Trace Customer (including, without limitation, submission of incorrect property information by said Data Trace Customer). DATA TRACE MAKES NO WARRANTIES (EXPRESS OR IMPLIED) WITH RESPECT TO THIS TAX CERTIFICATE/TAX ORDER REPORT OTHER THAN (WHERE APPLICABLE) THE DATA TRACE CUSTOMER WARRANTY. Any and all claims under a Data Trace Customer Warranty must be submitted to Data Trace by the corresponding Data Trace Customer and are subject to the terms and conditions set forth in the pertinent Tax Service Agreement (including, without limitation, the filing deadlines applicable to such claims). In some jurisdictions Data Trace's validation of a Tax Certificate/Tax Order Report is required to activate a Data Trace Customer Warranty.



Current Agency ⦿
Entire County ○    Search...

**ONLINE PAYMENTS / SERVICES** | **AGENCY BILLING / COLLECTIONS** | **INVESTMENTS** | **PROPERTY TAX** | **INFO & CONTACT US** | **FINANCIAL REPORTS / STATISTICS** | **HOW DO I**

Treasurer-Tax Collector

🛒 View Cart ( Empty )

# TREASURER-TAX COLLECTOR

- Treasurer-Tax Collector Home
- Online Payments / eServices
- Agency Billing / Collections
- Investments
- Property Tax
- Information
- Financial Reports / Statistics
- How Do I
- Resources

# MOST POPULAR

| | |
|---|---|
| Unsecured Tax Bill Reminder | Secured Tax Bill Reminder |
| Payment of Multiple Tax Parcels | Investment Report Subscription |
| Property Auctions | Property Tax Auction Subscription |
| View Prior Year Tax Bills | Change of Address Form |

# RESOURCES

| | |
|---|---|
| Top 10 Taxpayers | Installment Plans |
| Tax Sale Excess Proceeds | Important Dates |
| California Codes | Recorded Property Liens |
| Change of Address Form | Change of Ownership Forms |
| Assessment Appeals | Business Property Valuations |
| Tax Defaulted Properties | |

## Treasurer-Tax Collector

**Property Tax Information**
**FISCAL YEAR 2013-2014**
This page presents tax information on the parcel you have selected. Payments, corrections and/or other adjustments made today will not be reflected as PAID for two business days. Your payment date will be considered the date you completed the transaction online.

Parcel No.              668-291-13    View Original Bill    (See Bill Disclaimer)
Legal Description       P-BOOK: 79 PAGE: 26 PAR:
Tax Rate Area           23-007
Roll Type               Secured
This bill was generated on 10/07/2013.

| Installments | Last Payment Date | Status | Amount Due | Remarks |
|---|---|---|---|---|
| First Installment | 12/10/2013 | PAID | $0.00 | |
| Second Installment | 04/10/2014 | NOT PAID | $32,367.50 | Until 04/10/2014 |
| Total Due and Payable | | | $32,367.50 | |

**PAY ONLINE NOW >>**
eCheck (no cost)    Credit Card (2.3% fee)    Visa Debit ($3.95)

The amount above represents the amount due for the current tax year only, and includes any corrections, penalties and fees not reflected in your original tax bill. You may go back to the previous page for any prior year information. For any questions, please contact the Treasurer-Tax Collector's Office at (714) 834-3411 or send an email to tcinfo@ttc.ocgov.com.

**Payment Summary**

| Installments | Date Paid | Amount Paid | Remarks |
|---|---|---|---|
| First Installment | 11/27/2013 | $32,367.50 | |
| Second Installment | | $0.00 | |
| Total Amt Paid | | $32,367.50 | |

**Assessed Values and Exemptions**

| Description | Full Value | Computed Tax |
|---|---|---|
| Land | $4,473,720 | |
| Mineral Rights | $0 | |
| Improvements | $1,684,914 | |
| Personal Property | $0 | |
| Others | $0 | |
| **Total Values** | **$6,158,634** | |
| **(Less) Exemptions** | | |
| | $0 | |
| Total Net Taxable Value | $6,158,634 | $64,735.00 |
| | | |
| Total Due and Payable | | $32,367.50 |



**Tax Consolidation on Secured Property Tax Bill**

Because of the limited space available on secured property tax bills and to show the total tax rates and tax amounts due from each agency, the Treasurer-Tax Collector has consolidated taxes from a single agency into one line. For example, a school district may have eight separate outstanding bonds. The tax rates and tax amounts for those eight bonds will be added together and listed on line labeled "SCHOOL DISTRICT". For a complete, line by line breakdown of every tax rate and tax amount on your tax bill, please go to http://bos.ocgov.com/octaxbill. Then using

your address or parcel number, look up your property tax information and click on the yellow box like the one below. If you have further questions, call our office at 714-834-3411 (9:00 am to 4:45 pm M-F).

**PAY / VIEW TAX BILLS**

*Click Here for Detailed Information on What Makes Up Your Taxes!*

Save postage and "Go Green Electronically" by using our "no cost" eCheck payment option. Or choose your taxes using your VISA, MasterCard, American Express or Discover card either online or by telephone at 714-834-3411. Payments made by credit card will be charged a 2.3% convenience fee. Just click on the Pay Online button to proceed.

**SECURED TAX REMINDER SIGNUP**



OR

**PROPERTY TAX FAQS**

Please make your check payable to the County of Orange and mail your payments to:

County of Orange
ATTN: Orange County Tax Collector
P.O. Box 1438
Santa Ana, CA 92702-1438

Information is current as of 01/02/2014 for the current year roll.

## Navigation

OC Home
About the County
Agencies & Departments
Business
How Do I
Residents
Services

## Quick Links

Acceptable Use
Accessibility
Contact the County
Disclaimer
Sitemap

## Resources

Chambers of Commerce
Federal Government
General Information
Orange County Cities
Related Government Agencies
School Districts
State Government
Visitor Bureaus

## Connect With OC

**Hall of Administration**
333 W. Santa Ana Blvd.
Santa Ana, CA 92701
714-834-5400

*Making Orange County a safe, healthy, and fulfilling place to live, work, and play, today and for generations to come, by providing outstanding, cost-effective regional public services.*



**RECORDING REQUESTED BY:**
Fidelity National Title Company
Escrow No. 5677-HS
Title Order No. 725106885 - 3 5

**When Recorded Mail Document**
**and Tax Statement To:**
Marc Spizzirri
33033 Camino Capistrano
San Juan Capistrano, CA 92675

Recorded In Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||    9.00

**2007000537021** 04:21pm 08/29/07
119 59 G02 2

4180.00 4180.00 0.00 0.00 3.00 0.00 0.00 0.00

APN: 668-291-13                        **GRANT DEED**        SPACE ABOVE THIS LINE FOR RECORDER'S USE

**The undersigned grantor(s) declare(s)**
Documentary transfer tax is $ 8,360.00
   [ X ]   computed on full value of property conveyed, or
   [   ]   computed on full value less value of liens or encumbrances remaining at time of sale,
   [   ]   Unincorporated Area      City of San Juan Capistrano

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,**    Charles B. Weseloh and Patricia
A. Weseloh, Husband and Wife as Community Property

**hereby GRANT(S) to**    Auto Orange II, LLC, a California limited liability company

**the following described real property in the City of** San Juan Capistrano
**County of** Orange,  **State of California:**

For Legal Description see Exhibit "A" attached hereto and made a part hereof

Commonly known as: 32881 Camino Capistrano, San Juan Capistrano, CA 92675

DATED:  June 29, 2007

State of California,
County of _San Diego_____

On __July 9, 2007_____ before me,
_____J. Loredo Notary_____
(here insert name and title of the officer)
personally appeared _Charles Weseloh and_
_Patricia A. Weseloh_
personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

Charles B. Weseloh

Patricia A. Weseloh

J. LOREDO
Commission # 1721156
Notary Public - California
San Diego County
My Comm. Expires Jan 27, 2011

(6)

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

FD-213 (Rev 7/96)                        GRANT DEED
(grant.wpd)(01-06)

Exhibit 6 Page 000043 (Bloyd Declaration)

Title No. 07-**725106885**-A-DJ
Locate No. CAFNT0972-0972-0051-0725106885

### LEGAL DESCRIPTION

### EXHIBIT "A"

PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.

APN: 668-291-13



2

CLTA Preliminary Report Form - Modified (11/17/06)

**Exhibit 6 Page 000044 (Bloyd Declaration)**

*RECORDING REQUESTED BY:*
FIDELITY NATIONAL TITLE

**RECORDATION REQUESTED BY:**
**PACIFIC MERCANTILE BANK**
**COSTA MESA FINANCIAL CENTER**
**949 SOUTH COAST DRIVE, SUITE 105**
**COSTA MESA, CA  92626**

**WHEN RECORDED MAIL TO:**
**Pacific Mercantile Bank**
**949 South Coast Drive, Suite 300**
**Costa Mesa, CA  92626**

Escrow #5677-HS
725106885-D1

Recorded In Official Records, Orange County

Tom Daly, Clerk-Recorder

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖    30.00

**2007000537022  04:21pm 08/29/07**

119 69 D11 9

0.00 0.00 0.00 0.00 24.00 0.00 0.00 0.00

D2T

**FOR RECORDER'S USE ONLY**

### DEED OF TRUST

THIS DEED OF TRUST is dated August 23, 2007, among AUTO ORANGE II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, whose address is 33033 CAMINO CAPISTRANO, SAN JUAN CAPISTRANO, CA 92675 ("Trustor"); PACIFIC MERCANTILE BANK, whose address is COSTA MESA FINANCIAL CENTER, 949 SOUTH COAST DRIVE, SUITE 105, COSTA MESA, CA  92626 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and PACIFIC MERCANTILE BANK, whose address is 949 SOUTH COAST DRIVE, COSTA MESA, CA  92626 (referred to below as "Trustee").

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in ORANGE County, State of California:

PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.

The Real Property or its address is commonly known as 32881 CAMINO CAPISTRANO, SAN JUAN CAPISTRANO, CA 92675. The Assessor's Parcel Number for the Real Property is 668-291-13.

**FUTURE ADVANCES.** In addition to the Note, this Deed of Trust secures all future advances made by Lender to Trustor whether or not the advances are made pursuant to a commitment. Specifically, without limitation, this Deed of Trust secures, in addition to the amounts specified in the Note, all future amounts Lender in its discretion may loan to Trustor, together with all interest thereon.

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938. In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE  (A)  PAYMENT OF THE INDEBTEDNESS AND  (B)  PERFORMANCE OF ANY AND ALL OBLIGATIONS OF THE TRUSTOR UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST.  THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Trustor shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of Trustor's obligations under the Note, this Deed of Trust, and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Trustor may  (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Trustor represents and warrants to Lender that: (1) During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any

---

**Exhibit 6 Page 000045 (Bloyd Declaration)**

# DEED OF TRUST
## (Continued)

Loan No: 601904413                                                                                              Page 2

---

Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person. The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances. Trustor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Trustor agrees neither to abandon or leave unattended the Property. Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Trustor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Trustor. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on

**Exhibit 6 Page 000046 (Bloyd Declaration)**

# DEED OF TRUST
**Loan No: 601904413** (Continued) Page 3

account of the work, services, or materials and the cost exceeds $10,000.00. Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may reasonably require. Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Trustor shall promptly notify Lender of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $10,000.00. Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. If in Lender's sole judgment Lender's security interest in the Property has been impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.** Upon request of Lender, however not more than once a year, Trustor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Trustor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Trustor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Trustor warrants that: (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Trustor's Indebtedness shall be paid in full.

**CONDEMNATION.** The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of

**Exhibit 6 Page 000047 (Bloyd Declaration)**

# DEED OF TRUST
## (Continued)

Loan No: 601904413                                                                               Page 4

Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Lender shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Lender may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Trustor which Trustor is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Trustor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Trustor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Trustor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Trustor. Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-In-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Trustor pays all the Indebtedness, including without limitation all future advances, when due, and otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Lender may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Trustor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of

**Exhibit 6 Page 000048 (Bloyd Declaration)**

# DEED OF TRUST
## (Continued)

**Loan No: 601904413**                                                                      **Page 5**

---

Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Trustor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

**Default in Favor of Third Parties.** Should Trustor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Trustor's property or Trustor's ability to repay the Indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Trustor or on Trustor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Trustor's (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Trustor's existence as a going business or the death of any member, the insolvency of Trustor, the appointment of a receiver for any part of Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Trustor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Trustor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Trustor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Trustor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.** Any breach by Trustor under the terms of any other agreement between Trustor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Trustor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Adverse Change.** A material adverse change occurs in Trustor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Right to Cure.** If any default, other than a default in payment is curable and if Trustor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured if Trustor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Foreclosure by Sale.** Upon an Event of Default under this Deed of Trust, Beneficiary may declare the entire Indebtedness secured by this Deed of Trust immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, the Note, other documents requested by Trustee, and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to



---

**Exhibit 6 Page 000049 (Bloyd Declaration)**

**DEED OF TRUST**
**(Continued)**

Loan No: 601904413

Page 6

payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.** With respect to all or any part of the Real Property, Lender shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.** Lender shall have the right, without notice to Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or by law.

**Notice of Sale.** Lender shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of ORANGE County, State of California. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the

**Exhibit 6 Page 000050 (Bloyd Declaration)**

# DEED OF TRUST
## (Continued)

successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

NOTICES. Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors.

STATEMENT OF OBLIGATION FEE. Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS. The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Trustor's residence, Trustor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Trustor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Arbitration.** Trustor and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Deed of Trust or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any Property shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any Property, including any claim to rescind, reform, or otherwise modify any agreement relating to the Property, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Trustor and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Deed of Trust shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of California.

**Choice of Venue.** If there is a lawsuit, Trustor agrees upon Lender's request to submit to the jurisdiction of the courts of ORANGE County, State of California.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Trustor, shall constitute a waiver of any of Lender's rights or of any of Trustor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If

**Exhibit 6 Page 000051 (Bloyd Declaration)**

# DEED OF TRUST
## (Continued)

feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means PACIFIC MERCANTILE BANK, and its successors and assigns.

**Borrower.** The word "Borrower" means AUTO ORANGE II, LLC and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust. Specifically, without limitation, Indebtedness includes the future advances set forth in the Future Advances provision of this Deed of Trust, together with all interest thereon.

**Lender.** The word "Lender" means PACIFIC MERCANTILE BANK, its successors and assigns.

**Note.** The word "Note" means the promissory note dated August 23, 2007, **in the original principal amount of $5,700,000.00** from Trustor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of and substitutions for the promissory note or agreement.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits

Exhibit 6 Page 000052 (Bloyd Declaration)

**DEED OF TRUST**
**(Continued)**

Loan No: 601904413

Page 9

---

derived from the Property together with the cash proceeds of the Rents.

**Trustee.** The word "Trustee" means PACIFIC MERCANTILE BANK, whose address is 949 SOUTH COAST DRIVE, COSTA MESA, CA 92626 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means AUTO ORANGE II, LLC.

TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS.

TRUSTOR:

AUTO ORANGE II, LLC

By: _____
MARC J. SPIZZIRRI, Manager of AUTO ORANGE II, LLC

---

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )
) SS
COUNTY OF _Orange_ )

On _August 28_ , 20_07_ before me, _Ellen C. Rafferty, Notary Public_ ,
(here insert name and title of the officer)

personally appeared MARC J. SPIZZIRRI, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

ELLEN C. RAFFERTY
Commission # 1718281
Notary Public - California
Orange County
My Comm. Expires Jan 19, 2011

(Seal)

---

**(DO NOT RECORD)**
## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To: _____ , Trustee

The undersigned is the legal owner and holder of all indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

_____

Date: _____  Beneficiary: _____

By: _____

Its: _____

LASER PRO Lending, Ver. 5.32.10.003  Copr. Harland Financial Solutions, Inc. 1997, 2007.  All Rights Reserved.  - CA  J:\CFI\LPL\G01.FC  TR-3072  PR-12

(16)

---

Exhibit 6 Page 000053 (Bloyd Declaration)

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

PM ASSET RESOLUTION, INC.
949 South Coast Drive, Suite 300
Costa Mesa, California 92626
Attn: Michael G. Green
APN:  668-291-13

Recorded In Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

54.00
* S R 0 0 0 6 0 0 5 6 5 5 5 *
2013000403008 11:13 am 07/03/13
217 414 A32 A36 A34 F13   10
0.00 0.00 0.00 0.00 27.00 0.00 0.00 0.00

D42

## ASSIGNMENT OF LOAN DOCUMENTS, ASSIGNMENT OF DEED OF TRUST, AND ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

This ASSIGNMENT OF LOAN DOCUMENTS, ASSIGNMENT OF DEED OF TRUST, AND ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS ("Assignment") is made as of this ____ day of June 2013, by PACIFIC MERCANTILE BANK, a California banking corporation ("Assignor" or "Bank"), to PM ASSET RESOLUTION, INC., a California corporation ("Assignee"), in connection with that certain Loan Sale Agreement dated as of June ___, 2013 (the "Loan Sale Agreement").

### RECITALS

A.    Pursuant to the Loan Sale Agreement, Assignor has sold to Assignee all of Assignor's rights, title and interest under that certain loan in the original principal amount of Five Million Seven Hundred Thousand and No/100 ($5,700,000.00), (the "Loan"), made by Assignor to Auto Orange II, LLC, a California limited liability company ("Borrower").

B.    The Loan is evidenced, in part, by that certain (1) Promissory Note dated as of August 23, 2007 and executed by Borrower in favor of Assignor (the "Note"); (2) Deed of Trust dated as of August 23, 2007, executed by Borrower for the benefit of Bank (together with any and all amendments thereto or modifications thereof, the "Deed of Trust"), securing Borrower's obligations under the Loan, and encumbering the real property commonly known as 32881 Camino Capistrano, San Juan Capistrano, CA 92675 ("Property"), legally described in Exhibit A, attached hereto, and recorded as Document No. 2007000537022 in the Official Records of Orange County, California, on August 29, 2007; (3) Assignment of Leases and Rents dated as of August 23, 2007, executed by Borrower and in favor of Bank, in connection with the Property (together with any and all amendments thereto or modifications thereof, the "Assignment of Rents"), and recorded as Document No. 2007000537023 in the Official Records of Orange County, California, on August 29, 2007; (4) UCC-1 Financing Statement, encumbering the property described therein, as Document No. 2007000537025 in the Official Records of Orange County, California, on August 29, 2007 ("UCC-1"), and by those additional documents listed on Schedule 1 attached hereto (collectively, the "Loan Documents").



15

**Exhibit 6 Page 000054 (Bloyd Declaration)**

## ASSIGNMENT

1.      For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby assigns to Assignee, and Assignee hereby assumes from Assignor: (i) the Loan Documents, and all of Assignor's rights, title and interests in, to and under the Loan Documents, and (ii) all of Assignor's right, title and interest in, to, and under the instruments, documents, certificates, letters, records, and papers relating to the Loan Documents and all other documents executed and/or delivered in connection with the Loan evidenced by the Loan Documents, including, without limitation, all related title insurance policies, surveys, plans and specifications, insurance policies and certificates, bank accounts, operating accounts, reserve accounts, if any, escrow accounts and other accounts, permits, licenses, opinions, appraisals, environmental reports, and financial statements of borrowers, and (iii) all rights and benefits of Assignor related to the Loan Documents and such other instruments, documents, certificates, letters, records and papers.

2.      This Assignment is an absolute assignment.

3.      This Assignment shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

4.      This Assignment shall be governed by and construed in accordance with the laws of the State of California.

IN WITNESS WHEREOF, the parties hereto have each respectively duly executed this Assignment as of the date first above written.

[Signatures on Following Page]



16

IN WITNESS WHEREOF, this Assignment is made to be effective as of the date first above written.

**"ASSIGNOR":**

PACIFIC MERCANTILE BANK,
a California banking corporation

By: _____
Name: Bob Bartlett
Title: SEVP/CCO

By: _____
Name: Robert Sjogren
Title: General Counsel

**"ASSIGNEE":**

PM ASSET RESOLUTION, INC.,
a California banking corporation

By: _____
Name: Michael Green
Title: President/CEO

By: _____
Name: Nancy Grey
Title: EVP/CFO

17

**Exhibit 6 Page 000056 (Bloyd Declaration)**

STATE OF CALIFORNIA                    )
                                       )  ss
COUNTY OF ORANGE                       )

On __06-27-2013__, before me, __Simi Daravong__, a Notary Public,
personally appeared __Nancy Gray__, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.


_____
Notary Public

> SIMI DARAVONG
> Commission # 1955834
> Notary Public - California
> Orange County
> My Comm. Expires Oct 9, 2015


STATE OF CALIFORNIA                    )
                                       )  ss
COUNTY OF ORANGE                       )

On _____, before me, _____, a Notary Public,
personally appeared _____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.


_____
Notary Public

18

Exhibit 6 Page 000057 (Bloyd Declaration)

STATE OF CALIFORNIA             )
                                ) ss
COUNTY OF ORANGE                )

On _06-26-2013_____, before me, _Simi Daravong_____, a Notary Public,
personally appeared _Michael G. Green__, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

Notary Public

SIMI DARAVONG
Commission # 1955834
Notary Public - California
Orange County
My Comm. Expires Oct 9, 2015

STATE OF CALIFORNIA             )
                                ) ss
COUNTY OF ORANGE                )

On _____, before me, _____, a Notary Public,
personally appeared _____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

Notary Public

21

18

Exhibit 6 Page 000058 (Bloyd Declaration)

STATE OF CALIFORNIA )
) ss
COUNTY OF ORANGE )

On _06-26-2013_____, before me, _Simi Daravong_____, a Notary Public, personally appeared _Robert W. Bartlett___, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

```
+----------------------------------+
|      SIMI DARAVONG               |
|   Commission # 1955834           |
|   Notary Public - California     |
|        Orange County             |
|  My Comm. Expires Oct 9, 2015    |
+----------------------------------+
```

STATE OF CALIFORNIA )
) ss
COUNTY OF ORANGE )

On _____, before me, _____, a Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

18

22

**Exhibit 6 Page 000059 (Bloyd Declaration)**

STATE OF CALIFORNIA        )
                                    ) ss

COUNTY OF ORANGE         )

On _06-26-2013_____, before me, _Simi DARAVONG_____, a Notary Public, personally appeared _Robert Sjogren_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

> **SIMI DARAVONG**
> Commission # 1955834
> Notary Public - California
> Orange County
> My Comm. Expires Oct 9, 2015

STATE OF CALIFORNIA        )
                                    ) ss

COUNTY OF ORANGE         )

On _____, before me, _____, a Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

18

**Exhibit 6 Page 000060 (Bloyd Declaration)**

**EXHIBIT A TO ASSIGNMENT OF LOAN DOCUMENTS, ASSIGNMENT OF DEED OF TRUST, AND ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS**

**LEGAL DESCRIPTION OF PROPERTY**

PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.

APN: 668-291-13

24

19

**Exhibit 6 Page 000061 (Bloyd Declaration)**

**SCHEDULE 1**
**TO**
**ASSIGNMENT OF LOAN DOCUMENTS, ASSIGNMENT OF DEED OF TRUST, AND**
**ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS**

Promissory Note dated as of August 23, 2007, in original principal amount of $5,700,000.00;

Deed of Trust dated August 23, 2007, and recorded in the Official Records of Orange County as Document No. 2007000537022 on August 29, 2007

Assignment of Rents dated August 23, 2007, and recorded in the Official Records of Orange County as Document No. 2007000537023 on August 29, 2007

UCC-1 recorded in the Official Records of Orange County as Document No. 2007000537023 on August 29, 2007

Commercial Security Agreement dated as of August 23, 2007

Change in Terms Agreement dated as of December 29, 2010

Lockbox and Cash Management Agreement dated as of August 15, 2011

Change in Terms Agreement dated as of September 19, 2012

Commercial Guaranty dated as of August 23, 2007 executed by Marc J. Spizzirri

Commercial Guaranty dated as of August 23, 2007 executed by Spizzirri Family Trust dated as of November 11, 1997

25

20

**Exhibit 6 Page 000062 (Bloyd Declaration)**

**EXHIBIT D**

**FORM OF UCC-1 ASSIGNMENT**



**Exhibit 6 Page 000063 (Bloyd Declaration)**

RECORDING REQUESTED BY

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

18.00

\* $ R 0 0 0 6 0 6 3 1 7 8 $ \*
2013000445342 11:55 am 07/25/13
117 401 N15 F13    4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

AND WHEN RECORDED MAIL TO

PM ASSET RESOLUTION, INC.
949 SOUTH COAST DRIVE, SUITE 300
COSTA MESA, CA 92626
ATTN: MICHAEL G. GREEN

D21

| Loan No. 601904413 | Title Order No. | Space above this line for recorder's use only |
|---|---|---|
| | | Trustee Sale No. 13-07-001 |

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).**

**This amount is $90,956.48 as of 07/15/2013 and will increase until your account becomes current.**

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in this paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your

1

27

Exhibit 6 Page 000064 (Bloyd Declaration)

Loan No. **601904413**          Title Order No.          Trustee Sale No. **13-07-001**

creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**PM ASSET RESOLUTION, INC.**
**949 SOUTH COAST DRIVE, SUITE 300**
**COSTA MESA, CA 92626**
**ATTN: BENJAMIN MCKENNA**
**(714) 438-2539**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT:** FORECLOSURE RESOURCES, INC., A CALIFORNIA CORPORATION is either the original trustee, the duly appointed trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 08/23/2007, executed by AUTO ORANGE II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, as trustor, to secure obligations in favor of PACIFIC MERCANTILE BANK, as Beneficiary recorded on 08/29/2007 as Instrument No. 2007000537022 of official records in the Office of the Recorder of Orange County, California, as more fully described on said Deed of Trust. The Deed of Trust secures the payment of and the performance of certain obligations, including but not limited to, the obligations set forth in the note(s) for the sum of $5,700,000.00 as modified by the Change in Terms Agreement dated December 29, 2010 and the Change in Terms Agreement dated September 19, 2012; that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the undersigned beneficiary; that an event of default or breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE MONTHLY INSTALLMENT WHICH BECAME DUE 05/10/2013 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES, EXCEPT THAT PAYMENTS TOTALING $58,732.60 HAVE BEEN PAID ON ACCOUNT THEREOF; THE COMMENCEMENT OF BANKRUPTCY PROCEEDINGS BY GUARANTOR UNDER THE TERMS OF THAT CERTAIN COMMERCIAL GUARANTY DATED AUGUST 23, 2007 AND EXECUTED BY MARC J. SPIZZIRRI BEING AN EVENT OF DEFAULT UNDER DEED OF TRUST.

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

It is the intention of the beneficiary to include herein all delinquent sums or obligations now or hereafter secured by or under the Deed of Trust, whether presently known or unknown,

2



---

**Exhibit 6 Page 000065 (Bloyd Declaration)**

Loan No. **601904413**                    Title Order No.                    Trustee Sale No. **13-07-001**

and whether or not specifically set forth herein. The beneficiary hereby elects to conduct a unified sale. See Exhibit "A" attached hereto and made a part hereof.

We are attempting to collect a debt and any information we obtain will be used for that purpose whether received orally or in writing.

This Notice of Default may be executed in one or more counterparts, and by different parties hereto in separate counterparts, each of which when executed shall be deemed to be an original but all of which taken together shall constitute one and the same instrument.

DATED: _____7/19/13_____

PM ASSET RESOLUTION, INC.,
a California banking corporation


_____
MICHAEL G. GREEN
PRESIDENT

3

**Exhibit 6 Page 000066 (Bloyd Declaration)**

## EXHIBIT "A"

IT IS THE INTENTION OF SAID BENEFICIARY TO INCLUDE HEREIN ALL DELINQUENT SUMS OR OBLIGATIONS NOW OR HEREAFTER SECURED BY AND UNDER SAID DEED OF TRUST, WHETHER PRESENTLY KNOWN OR UNKNOWN, AND WHETHER OR NOT SPECIFICALLY SET FORTH HEREIN, AND THAT SAID BENEFICIARY HEREBY ELECTS TO CONDUCT A UNIFIED FORECLOSURE SALE PURSUANT TO THE PROVISIONS OF THE CALIFORNIA COMMERCIAL CODE SECTION 9604 (a)(1)(B) AND TO INCLUDE IN THE NON-JUDICIAL FORECLOSURE OF THE REAL PROPERTY DESCRIBED IN THIS NOTICE AND ELECTION TO SELL UNDER DEED OF TRUST ALL OF THE PERSONAL PROPERTY AND FIXTURES DESCRIBED IN SAID DEED OF TRUST AND IN ANY OTHER INSTRUMENT IN FAVOR OF SAID BENEFICIARY.

BENEFICIARY RESERVES THE RIGHT TO REVOKE ITS ELECTION AS TO SOME OR ALL OF SAID PERSONAL PROPERTY AND/OR FIXTURES, OR TO ADD ADDITIONAL PERSONAL PROPERTY AND/OR FIXTURES TO THE ELECTION HEREIN EXPRESSES, AT BENEFICIARY'S SOLE ELECTION FROM TIME TO TIME AND AT ANY TIME UNTIL THE COSUMMATION OF THE TRUSTEE'S SALE TO BE CONDUCTED PURSUANT TO SAID DEED OF TRUST AND THIS NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST.



**Exhibit 6 Page 000067 (Bloyd Declaration)**

**Commonwealth Land Title Company**

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||| 30.00
* $ R 0 0 0 6 1 8 1 1 5 0 $ *
**2013000528894** 8:00 am 09/11/13
10 402 A30 F13   8
0.00 0.00 0.00 0.00 21.00 0.00 0.00 0.00

RECORDING REQUESTED BY:

WHEN RECORDED RETURN TO:
TERRACOTTA REALTY FUND, LLC
2321 ROSECRANS AVE., #3270
EL SEGUNDO, CA 90245

D42

A.P.N. 668-291-13
8010299-27

## ASSIGNMENT OF DEED OF TRUST

This ASSIGNMENT OF DEED OF TRUST ("Assignment") is made this 9th day of September, 2013, by PM ASSET RESOLUTION, INC., a California corporation ("Assignor"), to TERRACOTTA REALTY FUND, LLC, a Delaware limited liability company ("Assignee").

FOR VALUE RECEIVED, Assignor hereby grants, assigns, and transfers to Assignee any and all of its beneficial interest under that certain Deed Of Trust, dated August 23, 2007, made by Auto Orange II, LLC ("Borrower") for the benefit of Bank ("Deed of Trust"), and recorded on August 29, 2007, in the Official Records of Orange County, California, as Document No. 2007000537022, and as a lien on that certain real property described on Exhibit A, attached hereto and made a part hereof.

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under each of the foregoing described Deeds of Trust.

The foregoing assignment is made "AS IS, WHERE IS, AND WITH ALL FAULTS, DEFICIENCIES, AND DEFECTS, LATENT OR PATENT, KNOWN OR UNKNOWN", and without recourse or representation of any kind or nature, except as expressly set forth in that certain Non-Recourse Loan Sale Agreement, dated August 29, 2013, by and between Assignor and Assignee.

[Signatures On Following Page]

This instrument filed for record by Commonwealth Land Title Company as an accommodation only. It has not been examined as to its execution or as to its effect upon the title.



35

JS LA 9922800v3 70029-0087 8/28/13

IN WITNESS WHEREOF, this Assignment of Deed of Trust is made to be effective as of the date first above written.

**ASSIGNOR:**

PM ASSET RESOLUTION, INC.,
a California corporation

By: _____
Name: _____
Title: _____

**"ASSIGNEE"**

TERRACOTTA REALTY FUND, LLC,
a Delaware limited liability company

By: Terra Cotta Industries, LLC
Name: a California limited liability company
Title: Manager

    By: The Terra Cotta Group, LLC
      a California limited liability company

Its: Manager

      By: _____
      Name: Tingting Zhang
      Its: President

(32)

36

JS LA 9922800v3 70029-0087 8/28/13

**Exhibit 6 Page 000069 (Bloyd Declaration)**

IN WITNESS WHEREOF, this Assignment of Deed of Trust is made to be effective as of the date first above written.

ASSIGNOR:

PM ASSET RESOLUTION, INC.,
a California corporation

By: _____
Name: _____
Title: _____

"ASSIGNEE"

TERRACOTTA REALTY FUND, LLC,
a Delaware limited liability company

By: _____
Name: _____
Title: _____

36

Exhibit 6 Page 000070 (Bloyd Declaration)

STATE OF CALIFORNIA                    )
                                       )  ss
COUNTY OF _Orange_____     )

On _05-09-2013____, before me, __Simi Daravong_____, a Notary Public,
personally appeared _Michael C. Green____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.


_____
Notary Public

> SIMI DARAVONG
> Commission # 1955834
> Notary Public - California
> Orange County
> My Comm. Expires Oct 9, 2015


STATE OF CALIFORNIA                    )
                                       )  ss
COUNTY OF _____        )

On _____, before me, _____, a Notary Public,
personally appeared _____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.


_____
Notary Public

(34)

ELIZABET P

## ILLEGIBLE NOTARY SEAL DECLARATION

## GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary _____ SIMI Dapavong

Date Commission Expires _____ Oct. 9, 2015

Notary Identification Number _____ 1955834
(For Notaries commissioned after 1-1-1992)

Manufacturer/Vendor Identification Number _____ NNAI
(For Notaries commissioned after 1-1-1992)

Place of Execution of this Declaration _____ BREA

Date _____ 9|10|113

**Elizabeth P / DRS    Agent**

(35)

Page 1

**Exhibit 6 Page 000072 (Bloyd Declaration)**

STATE OF CALIFORNIA                                )
                                                   ) ss
COUNTY OF _____                      )

On _____, before me, _____, a Notary Public,
personally appeared _____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.


_____
Notary Public


STATE OF CALIFORNIA                                )
                                                   ) ss
COUNTY OF _Los Angeles_____                      )

On _September 9, 2013___, before me, _Daniel Zhu_____, a Notary Public,
personally appeared _Tingting Zhang_____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.


_____
Notary Public

DANIEL ZHU
Commission # 2017980
Notary Public - California
Los Angeles County
My Comm. Expires Apr 6, 2017

(36)

37

JS LA 9922800v3 70029-0087 8/28/13

Exhibit 6 Page 000073 (Bloyd Declaration)

ELIZABET P

## ILLEGIBLE NOTARY SEAL DECLARATION

## GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary   *Daniel Zhu*

Date Commission Expires   *April 6, 2017*

Notary Identification Number   *2017980*
(For Notaries commissioned after 1-1-1992)

Manufacturer/Vendor Identification Number   *NNA1*
(For Notaries commissioned after 1-1-1992)

Place of Execution of this Declaration   BREA

Date   *9/9/13*

Elizabeth P  /  DPS    Agent

(37)

Page 1

Exhibit 6 Page 000074 (Bloyd Declaration)

## EXHIBIT A TO ASSIGNMENT OF DEED OF TRUST
## LEGAL DESCRIPTION OF PROPERTY

PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.

APN: 668-291-13



38

JS LA 9922800v3 70029-0087 8/28/13

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Assured Lender Services, Inc.
2552 Walnut Avenue
Suite 100
Tustin, CA  92780

*D19*

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*$ R 0 0 0 6 2 8 6 1 3 2 $ *    12.00
2013000602582 2:31 pm 10/28/13
66 401 S15 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Trustee Sale No. 13-07-001    Loan No. 601904413    Title Order No.

Space above this line for recorder's use only

## SUBSTITUTION OF TRUSTEE

WHEREAS, **AUTO ORANGE II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,** was the original trustor, **PACIFIC MERCHANTILE BANK,** was the original trustee, and **PACIFIC MERCHANTILE BANK,** was the original beneficiary under that certain Deed of Trust dated 08/23/2007, recorded on 08/29/2007 as Document No. 2007000537022 of official records in the office of the Recorder of Orange County, California, and

WHEREAS, the undersigned is the present beneficiary under the Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new trustee under the Deed of Trust in the place of and stead of said original trustee, or successor trustee, thereunder, in the manner provided for in the Deed of Trust,

Now, THEREFORE, the undersigned beneficiary hereby substitutes Assured Lender Services, Inc., 2552 Walnut Avenue, Suite 100, Tustin, CA  92780, as trustee under the Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number indicates the plural.

DATE: _10-14-2013_____

By: TERRACOTTA REALTY FUND, LLC, a Delaware limited liability company

By: _G. Allen Bloyd_
Name: _GREGORY A. Bloyd_
Title: _SENIOR VICE PRESIDENT_

STATE OF _California_____

COUNTY OF _Los Angeles_____

On _October 14, 2013_ before me, _Daniel Zhu, notary public_____ personally appeared _Gregory A. Bloyd_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public in and for said County and State

DANIEL ZHU
Commission # 2017980
Notary Public - California
Los Angeles County
My Comm. Expires Apr 6, 2017

(39)

1

**Exhibit 6 Page 000076 (Bloyd Declaration)**

# Affidavit of Mailing
## For Substitution of Trustee By Code

Trustee Sale No:  **13-07-001**

I, <u>Cherie Maples, Vice President of Trustee Operations</u>, declare that:  I am an officer, agent, or employee of Assured Lender Services, Inc.

I am over the age of eighteen years.  On 10/28/13, by Certified mail, enclosed in a sealed envelope with postage fully prepaid, I deposited in the United States Post Office at Tustin, California a copy of the attached Substitution of Trustee to the trustee of record under the Deed of Trust described in said Substitution; and

A copy of the attached Substitution has been mailed, prior to the recording thereof, in the manner provided in Section 2924(b) of the Civil Code of the State of California, to all persons to whom a copy of the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  10/28/13

Cherie Maples, Vice President of Trustee Operations

(Declarant)

---

**Exhibit 6 Page 000077 (Bloyd Declaration)**

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

15.00

\* $ R 0 0 0 6 2 8 6 1 3 3 $ \*
2013000602583 2:31 pm 10/28/13
66 401 N34 F13   3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Assured Lender Services, Inc.
2552 Walnut Avenue
Suite 100
Tustin, CA  92780

D22

---

Space above this line for recorder's use only

Trustee Sale No. 13-07-001    Loan No. 601904413    Title Order No. 1493307

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
**注：本文件包含一个信息摘要**
**참고사항: 본 첨부 문서에 정보 요약서가 있습니다**
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐẤY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

**PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT
ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES
PROVIDED TO THE TRUSTOR.**

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 08/23/2007 AND MORE FULLY DESCRIBED BELOW.
UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU
NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A
LAWYER.**

A public auction sale to the highest bidder for cash or cashiers check (payable at the time of sale in lawful money of the
United States) (payable to Assured Lender Services, Inc.), will be held by a duly appointed trustee. The sale will be
made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the
remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided
in the note(s), advances, under the terms of the Deed of Trust, interest thereon, legal fees and costs, charges and
expenses of the undersigned trustee ("Trustee") for the total amount (at the time of the initial publication of this Notice of
Trustee's Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor(s):    **AUTO ORANGE II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**

Recorded:    **recorded on 08/29/2007 as Document No. 2007000537022 of Official Records in the**
office of the Recorder of **Orange** County, California;

Date of Sale:    **11/22/2013 at 09:00AM**

Place of Sale:    **On the front steps to the entrance of the Orange Civic Center, 300 E. Chapman
Orange, CA 92866**

Amount of unpaid balance and other charges: **$5,498,620.72**

The purported property address is:    **32881 Camino Capistrano, San Juan Capistrano, CA 92675**

1

---

**Exhibit 6 Page 000078 (Bloyd Declaration)**

Trustee Sale No. 13-07-001
Loan No. 601904413
Title Order No. 1493307

Legal Description:

**PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.**

Assessors Parcel No.        **668-291-13**

The beneficiary under the Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell Under Deed of Trust (the "Notice of Default and Election to Sell"). The undersigned caused the Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Trustee's Sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to **Section 2924g of the California Civil Code**. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(714) 508-7373** or visit this Internet Web site **www.priorityposting.com**, using the file number assigned to this case **13-07-001**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

THE PROPERTY COVERED IN THIS ACTION INCLUDES ALL SUCH REAL PROPERTY AND THE PERSONAL PROPERTY IN WHICH THE BENEFICIARY HAS A SECURITY INTEREST, RESPECTIVELY, IT BEING THE ELECTION OF THE CURRENT BENEFICIARY UNDER THE DEED OF TRUST TO CAUSE A UNIFIED SALE TO BE MADE OF SAID REAL AND PERSONAL PROPERTY IN ACCORDANCE WITH THE PROVISIONS OF SECTION 2924F(b)(2) OF THE CALIFORNIA CIVIL CODE.



2

Exhibit 6 Page 000079 (Bloyd Declaration)

Trustee Sale No. 13-07-001
Loan No. 601904413
Title Order No. 1493307

DATE: 10/25/2013

Assured Lender Services, Inc.

*Cherie Maples*

Cherie Maples, Vice President of Trustee Operations
Assured Lender Services, Inc.
2552 Walnut Avenue
Suite 100
Tustin, CA 92780

**Sales Line:  (714) 573-1965**
**Sales Website: www.priorityposting.com**
Reinstatement Line: (714) 508-7373
To request reinstatement and/or payoff FAX request to: (714) 505-3831

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.**



3

Order: 8392532
Doc: CA;OR;DYI;2013.602583

- 3 of 3 -

*Document Retrieval :  FASTSearch ®*

**Exhibit 6 Page 000080 (Bloyd Declaration)**

*RECORDING REQUESTED BY:*
FIDELITY NATIONAL TITLE

**RECORDATION REQUESTED BY:**
   **PACIFIC MERCANTILE BANK**
   **COSTA MESA FINANCIAL CENTER**
   **949 SOUTH COAST DRIVE, SUITE 105**
   **COSTA MESA, CA  92626**

**WHEN RECORDED MAIL TO:**
   Pacific Mercantile Bank
   949 South Coast Drive, Suite 300
   Costa Mesa, CA  92626

Escrow # 5677-HS

725101685-DJ

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||||    **27.00**

**2007000537023 04:21pm 08/29/07**

119 59 A34 A36 6

0.00 0.00 0.00 0.00 15.00 0.00 0.00 0.00

D40

FOR RECORDER'S USE ONLY

## ASSIGNMENT OF LEASES AND RENTS

**THIS ASSIGNMENT OF LEASES AND RENTS** dated August 23, 2007, is made and executed between AUTO ORANGE II, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, whose address is 33033 CAMINO CAPISTRANO, SAN JUAN CAPISTRANO, CA  92675 (referred to below as "Grantor") and PACIFIC MERCANTILE BANK, whose address is 949 SOUTH COAST DRIVE, SUITE 105, COSTA MESA, CA 92626 (referred to below as "Lender").

**ASSIGNMENT.** For valuable consideration, Grantor hereby assigns, grants a continuing security interest in, and conveys to Lender all of Grantor's right, title, and interest in and to the Leases and Rents from the following described Property located in ORANGE County, State of California:

   PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

   EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND. .

The Property or its address is commonly known as  32881 CAMINO CAPISTRANO, SAN JUAN CAPISTRANO, CA  92675.  The Assessor's Parcel Number for the Property is 668-291-13.

**This is an absolute assignment of Leases and Rents made in connection with an obligation secured by property pursuant to California Civil Code section 2938.**

THIS ASSIGNMENT IS GIVEN TO SECURE  (1) PAYMENT OF THE INDEBTEDNESS AND  (2) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF GRANTOR UNDER THE NOTE, THIS ASSIGNMENT, AND THE RELATED DOCUMENTS. THIS ASSIGNMENT IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

PAYMENT AND PERFORMANCE. Except as otherwise provided in this Assignment or any Related Documents, Grantor shall pay to Lender all amounts secured by this Assignment as they become due, and shall strictly perform all of Grantor's obligations under this Assignment. Unless and until Lender exercises its right to collect the Leases and Rents as provided below and so long as there is no default under this Assignment, Grantor may remain in possession and control of and operate and manage the Property and collect the Leases and Rents, provided that the granting of the right to collect the Leases and Rents shall not constitute Lender's consent to the use of cash collateral in a bankruptcy proceeding.

GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE LEASES AND RENTS.  With respect to the Leases and Rents, Grantor represents and warrants to Lender that:

   Ownership.  Grantor is entitled to receive the Leases and Rents free and clear of all rights, loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

   Right to Assign.  Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Leases and Rents to Lender.

   No Prior Assignment.  Grantor has not previously assigned or conveyed the Leases and Rents to any other person by any instrument now in force.

   No Further Transfer.  Grantor will not sell, assign, encumber, or otherwise dispose of any of Grantor's rights in the Leases and Rents except as provided in this Assignment.

LENDER'S RIGHT TO COLLECT LEASES AND RENTS.  Lender shall have the right at any time, and even though no default shall have occurred under this Assignment, to collect and receive the Leases and Rents.  For this purpose, Lender is hereby given and granted the following rights, powers and authority:

   Notice to Tenants.  Lender may send notices to any and all tenants of the Property advising them of this Assignment and directing all Leases and Rents to be paid directly to Lender or Lender's agent.

   Enter the Property.  Lender may enter upon and take possession of the Property; demand, collect and receive from the tenants or from

&Unrecorded
leases

(44)

Exhibit 6 Page 000081 (Bloyd Declaration)

# ASSIGNMENT OF LEASES AND RENTS
**(Continued)**

Loan No: 601904413        Page 2

any other persons liable therefor, all of the Leases and Rents; institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the Property; collect the Leases and Rents and remove any tenant or tenants or other persons from the Property.

**Maintain the Property.** Lender may enter upon the Property to maintain the Property and keep the same in repair; to pay the costs thereof and of all services of all employees, including their equipment, and of all continuing costs and expenses of maintaining the Property in proper repair and condition, and also to pay all taxes, assessments and water utilities, and the premiums on fire and other insurance effected by Lender on the Property.

**Compliance with Laws.** Lender may do any and all things to execute and comply with the laws of the State of California and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the Property.

**Lease the Property.** Lender may rent or lease the whole or any part of the Property for such term or terms and on such conditions as Lender may deem appropriate.

**Employ Agents.** Lender may engage such agent or agents as Lender may deem appropriate, either in Lender's name or in Grantor's name, to rent and manage the Property, including the collection and application of Leases and Rents.

**Other Acts.** Lender may do all such other things and acts with respect to the Property as Lender may deem appropriate and may act exclusively and solely in the place and stead of Grantor and to have all of the powers of Grantor for the purposes stated above.

**No Requirement to Act.** Lender shall not be required to do any of the foregoing acts or things, and the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

**APPLICATION OF LEASES AND RENTS.** All costs and expenses incurred by Lender in connection with the Property shall be for Grantor's account and Lender may pay such costs and expenses from the Leases and Rents. Lender, in its sole discretion, shall determine the application of any and all Leases and Rents received by it; however, any such Leases and Rents received by Lender which are not applied to such costs and expenses shall be applied to the Indebtedness. All expenditures made by Lender under this Assignment and not reimbursed from the Leases and Rents shall become a part of the Indebtedness secured by this Assignment, and shall be payable on demand, with interest at the Note rate from date of expenditure until paid.

**FULL PERFORMANCE.** If Grantor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Assignment, the Note, and the Related Documents, Lender shall execute and deliver to Grantor a suitable satisfaction of this Assignment and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Leases and Rents and the Property. Any termination fee required by law shall be paid by Grantor, if permitted by applicable law.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Assignment or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Assignment or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Leases and Rents or the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Assignment also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Assignment:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Assignment or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**Default on Other Payments.** Failure of Grantor within the time required by this Assignment to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to perform Grantor's obligations under this Assignment or any of the Related Documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Assignment or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Assignment or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Grantor's (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Grantor's existence as a going business or the death of any member, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.



**Exhibit 6 Page 000082 (Bloyd Declaration)**

## ASSIGNMENT OF LEASES AND RENTS
### (Continued)

Loan No: 601904413                                                                                    Page 3

---

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against the Leases and Rents or any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Assignment within the preceding twelve (12) months, it may be cured if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment fee which Grantor would be required to pay.

**Collect Leases and Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Leases and Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender shall have all the rights provided for in the Lender's Right to Collect Leases and Rents Section, above. If the Leases and Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Leases and Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Assignment or the Note or by law.

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Assignment, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Assignment, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Assignment:

**Amendments.** This Assignment, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Assignment. No alteration of or amendment to this Assignment shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Arbitration.** Grantor and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Assignment or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any Property shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed



---

**Exhibit 6 Page 000083 (Bloyd Declaration)**

# ASSIGNMENT OF LEASES AND RENTS
### (Continued)

**Loan No: 601904413**                                                                                              **Page 4**

---

of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any Property, including any claim to rescind, reform, or otherwise modify any agreement relating to the Property, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Grantor and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Assignment shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**Caption Headings.** Caption headings in this Assignment are for convenience purposes only and are not to be used to interpret or define the provisions of this Assignment.

**Governing Law.** This Assignment will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Assignment has been accepted by Lender in the State of California.

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of ORANGE County, State of California.

**Merger.** There shall be no merger of the interest or estate created by this assignment with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Interpretation.** (1)  In all cases where there is more than one Borrower or Grantor, then all words used in this Assignment in the singular shall be deemed to have been used in the plural where the context and construction so require. (2)  If more than one person signs this Assignment as "Grantor," the obligations of each Grantor are joint and several. This means that if Lender brings a lawsuit, Lender may sue any one or more of the Grantors. If Borrower and Grantor are not the same person, Lender need not sue Borrower first, and that Borrower need not be joined in any lawsuit. (3)  The names given to paragraphs or sections in this Assignment are for convenience purposes only. They are not to be used to interpret or define the provisions of this Assignment.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Assignment unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Assignment shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Assignment. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Assignment, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Assignment shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Assignment. Any party may change its address for notices under this Assignment by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Powers of Attorney.** The various agencies and powers of attorney conveyed on Lender under this Assignment are granted for purposes of security and may not be revoked by Grantor until such time as the same are renounced by Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Assignment to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Assignment. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Assignment shall not affect the legality, validity or enforceability of any other provision of this Assignment.

**Successors and Assigns.** Subject to any limitations stated in this Assignment on transfer of Grantor's interest, this Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Assignment and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Assignment or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Assignment.

**WAIVER OF RIGHT OF REDEMPTION.** NOTWITHSTANDING ANY OF THE PROVISIONS TO THE CONTRARY CONTAINED IN THIS ASSIGNMENT, GRANTOR HEREBY WAIVES ANY AND ALL RIGHTS OF REDEMPTION FROM SALE UNDER ANY ORDER OR JUDGMENT OF FORECLOSURE ON GRANTOR'S BEHALF AND ON BEHALF OF EACH AND EVERY PERSON, EXCEPT JUDGMENT CREDITORS OF GRANTOR, ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY SUBSEQUENT TO THE DATE OF THIS ASSIGNMENT.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Assignment. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America.



---

**Exhibit 6 Page 000084 (Bloyd Declaration)**

## ASSIGNMENT OF LEASES AND RENTS
### (Continued)

Loan No: 601904413                                                                                          **Page 5**

Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Assignment shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Assignment.** The word "Assignment" means this ASSIGNMENT OF LEASES AND RENTS, as this ASSIGNMENT OF LEASES AND RENTS may be amended or modified from time to time, together with all exhibits and schedules attached to this ASSIGNMENT OF LEASES AND RENTS from time to time.

**Borrower.** The word "Borrower" means AUTO ORANGE II, LLC.

**Default.** The word "Default" means the Default set forth in this Assignment in the section titled "Default".

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Assignment in the default section of this Assignment.

**Grantor.** The word "Grantor" means AUTO ORANGE II, LLC.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Assignment, together with interest on such amounts as provided in this Assignment.

**Leases and Rents.** The words "Leases and Rents" mean all of Grantor's present and future rights, title and interest in, to and under any and all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, profits and proceeds from the Property, and other payments and benefits derived or to be derived from such leases of every kind and nature, whether due now or later, including without limitation Grantor's right to enforce such leases and to receive and collect payment and proceeds thereunder.

**Lender.** The word "Lender" means PACIFIC MERCANTILE BANK, its successors and assigns.

**Note.** The word "Note" means the promissory note dated August 23, 2007, **in the original principal amount of $5,700,000.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Assignment" section of this Assignment.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS ASSIGNMENT, AND NOT PERSONALLY BUT AS AN AUTHORIZED SIGNER, HAS CAUSED THIS ASSIGNMENT TO BE SIGNED AND EXECUTED ON BEHALF OF GRANTOR ON AUGUST 23, 2007.**

**GRANTOR:**

AUTO ORANGE II, LLC

By: _____
   MARC J. SPIZZIRRI, Manager of AUTO ORANGE II, LLC

Exhibit 6 Page 000085 (Bloyd Declaration)

## ASSIGNMENT OF LEASES AND RENTS
### (Continued)

Loan No: 601904413                                                              Page 6

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_                          )
                                              ) SS
COUNTY OF _Orange_                            )

On _August 28_____, 200_7_ before me, _Ellen C. Rafferty, Notary Public,_
                                           (here insert name and title of the officer)
personally appeared MARC J. SPIZZIRRI, personally known to me [or proved to me on the basis of satisfactory evidence] to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Ellen C. Rafferty_____

ELLEN C. RAFFERTY
Commission # 1718281
Notary Public - California
Orange County
My Comm. Expires Jan 19, 2011

(Seal)

LASER PRO Lending, Ver. 5.32.10.003 Copr. Harland Financial Solutions, Inc. 1997, 2007.   All Rights Reserved.   - CA  J:\CFI\LPL\G14.FC  TR-3072  PR-12

(49)

Branch :FLB,User :1075                    Order: 8392522   Title Officer: 00   Comment:                                    Station Id :HL5C

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

18.00

* S R 0 0 0 6 1 8 1 1 5 1 $ *

2013000528895 8:00 am 09/11/13
10 402 A36  7
0.00 0.00 0.00 0.00 18.00 0.00 0.00 0.00

RECORDED BY:

Commonwealth Land Title

WHEN RECORDED MAIL TO:

Terracotta Realty Fund, LLC
2321 Rosecrans Ave. #3270
El Segundo, Ca 90245

D42 MOD

Space above line for recorders use only

## ASSIGNMENT OF ASSIGNMENT OF RENTS

TITLE ORDER NO.:  8010299-27

This instrument filed for record by
Commonwealth Land Title Company
as an accommodation only. It has
not been examined as to its execution
or as to its effect upon the title.

(50)

ORANGE,CA                                    Page 1 of 7                          Printed on 1/3/2014 12:16:46 PM
Document: AL 2013.528895

Exhibit 6 Page 000087 (Bloyd Declaration)

**EXHIBIT F**
**FORM OF ASSIGNMENT OF ASSIGNMENT OF RENTS**

**RECORDING REQUESTED BY**
**AND WHEN RECORDED, RETURN TO:**
TERRACOTTA REALTY FUND, LLC
2321 ROSECRANS AVE., #3270
EL SEGUNDO, CA 90245

Assessor's Parcel No(s). 668-291-13

8010299-27

SPACE ABOVE FOR RECORDER'S USE ONLY

**ASSIGNMENT OF ASSIGNMENT OF RENTS**

For value received, the undersigned hereby grants, assigns and transfers to TERRACOTTA REALTY FUND, LLC, a Delaware limited liability company ("Assignee"), all of the undersigned's beneficial interest in that certain Assignment of Rents dated as of August 23, 2007, executed by AUTO ORANGE II, LLC, a California limited liability company ("Borrower"), as assignor, in favor of PACIFIC MERCANTILE BANK, as original assignee, which was recorded on August 29, 2007, as Instrument No. 2007000537023 of the Official Records of Orange County, California (the "Assignment of Rents").

Together, with the note or notes therein described or referred to, the money due and to become due with interest, and all rights accrued or to accrue under said Assignment of Rents.

(The undersigned has independently and contemporaneously assigned and transferred to Assignee, all of the undersigned's right, title and interest in and to the promissory note which is secured by the Assignment of Rents.)

Dated: September 29, 2013

[SIGNATURE PAGE FOLLOWS]



Exhibit 6 Page 000088 (Bloyd Declaration)

IN WITNESS WHEREOF the parties hereto have executed this Assignment of Assignment of Rents as of the date and year first above written.

**ASSIGNOR:**

PM ASSET RESOLUTION, INC.,
a California corporation

By: _____
Name: _____
Title: _____

**"ASSIGNEE"**

TERRACOTTA REALTY FUND, LLC,
a Delaware limited liability company

By: _____
Name: _____
Title: _____



Exhibit 6 Page 000089 (Bloyd Declaration)

·IN WITNESS WHEREOF the parties hereto have executed this Assignment of
Assignment of Rents as of the date and year first above written.

**ASSIGNOR:**

PM ASSET RESOLUTION, INC.,
a California corporation

By: _____
Name: _____
Title: _____

**"ASSIGNEE"**

TERRACOTTA REALTY FUND, LLC,
a Delaware limited liability company

By: TerraCotta Industries, LLC
Name: a California limited liability company
Title: Manager

By: The TerraCotta Group, LLC
    a California limited liability company

Its: Manager

By: _____

Name: Tingting Zhang

Its: President

JS LA 9922800v3 70029-0087 8/28/13

Exhibit 6 Page 000090 (Bloyd Declaration)

STATE OF CALIFORNIA        )
                           )  ss
COUNTY OF _Orange_____    )

On __05-09-2013__, before me, ___Simi Daravong___, a Notary Public,
personally appeared __Michael Or Green__, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

SIMI DARAVONG
Commission # 1955834
Notary Public - California
Orange County
My Comm. Expires Oct 9, 2015

STATE OF CALIFORNIA        )
                           )  ss
COUNTY OF _____  )

On _____, before me, _____, a Notary Public,
personally appeared _____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

(59)

Exhibit 6 Page 000091 (Bloyd Declaration)

STATE OF CALIFORNIA            )
                               ) ss
COUNTY OF _____ )

On _____, before me, _____, a Notary Public,
personally appeared _____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.


_____
Notary Public


STATE OF CALIFORNIA            )
                               ) ss
COUNTY OF Los Angeles          )

On September 1, 2017, before me, Daniel Zhu, a Notary Public,
personally appeared Tingting Zhang, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument, and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.


_____
Notary Public

DANIEL ZHU
Commission # 2017980
Notary Public - California
Los Angeles County
My Comm. Expires Apr 6, 2017

(55)

Branch :FLD,User :1679    Order: 8392532    Title Officer: 00    Comment:    Station Id :HL5C

ELIZABET P

# ILLEGIBLE NOTARY SEAL DECLARATION

## GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary _____Daniel Zhu_____

Date Commission Expires _____April 6, 2017_____

Notary Identification Number _____2017980_____
(For Notaries commissioned after 1-1-1992)

Manufacturer/Vendor Identification Number _____NNA1_____
(For Notaries commissioned after 1-1-1992)

Place of Execution of this Declaration _____BREA_____

Date _____7/16/13_____

_____Elizabeth P / DPS    Agent_____

(56)

Page 1

Exhibit 6 Page 000093 (Bloyd Declaration)

RECORDING REQUESTED BY:

1700 N. EL CAMINO REAL, LLC

AND WHEN RECORDED MAIL TO:

1700 N. EL CAMINO REAL, LLC
5850 Canoga Ave, Suite 206
Woodland Hills, California 91367

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder



24.00

\* \$ R 0 0 0 5 8 8 2 9 1 5 \$ \*

**2013000310377** 12:48pm 05/22/13

93 406 D11 A36 F14 3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

D2T

## DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST ("Deed of Trust") made this 22ND day of May, 2013, between AUTO ORANGE II, LLC, a California limited liability company (the "Trustor"), whose address is 33033 Camino Capistrano, San Juan Capistrano, California 92675, and 1700 N. EL CAMINO REAL, LLC, a California limited liability company (the "Beneficiary"), whose address is 5850 Canoga Ave, Suite 206, Woodland Hills, California 91367 and First American Title Insurance Company, a California corporation (the "Trustee");

TRUSTOR HEREBY irrevocably grants, transfers, and assigns to Trustee, in trust, with power of sale, all that property in the City of San Juan Capistrano, County of Orange, State of California, described as:

PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.

The real property or its address is commonly known as 32881 CAMINO CAPISTRANO, SAN JUAN CAPISTRANO, CA 92675. The assessor's parcel number for the real property is 668-291-13.

(the "Property"), together with the rents, issues, and profits of the Property, subject, however, to the right, power, and authority given to and conferred on Beneficiary to collect and apply those rents, issues, and profits for the purpose of securing (1) payment of the sum of $3,278,065 with interest thereon according to the terms of the promissory note or notes dated January 1, 2013 made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County on August 17, 1964 and all other counties August 18, 1964, in the book and that the page of Official Records in the office of the County recorder of the County where said property is located, noted below opposite the name of such County namely:

(57)

---

Order: 8392532
Doc: CA;OR;DYI;2013.310377

- 1 of 3 -

*Document Retrieval : FASTSearch ®*

Exhibit 6 Page 000094 (Bloyd Declaration)

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolomne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego | SERIES 5 | 1964 149774 | | | |

Shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for statement regarding the obligation secured hereby, provided the charge therefore does not exceed the maximum allowed by law.

In the event that all or any part of the Property, or any interest in the Property, is sold, agreed to be sold, conveyed, transferred, disposed of, further encumbered, or alienated by Trustor, or by the operation of law or otherwise, without the prior written consent of Beneficiary, all sums secured by this Deed of Trust shall, at the option of Beneficiary, immediately become due and payable. Consent to one such transaction shall not be deemed to be a waiver of the right to require consent to future or successive transactions.

In accordance with *Civil Code Section 2924b*, request is hereby made by the undersigned Trustor that a copy of any Notice of Default and a copy of any Notice of Sale under the Deed of Trust recorded on August 29, 2007, as Instrument No. 2007000537022 in the Official Records of Orange County, California, executed by Auto Orange II, LLC as Trustor in which Pacific Mercantile Bank is named as Beneficiary, and Pacific Mercantile Bank as Trustee, be mailed to AUTO ORANGE II, LLC, whose address is 33033 Camino Capistrano, San Juan Capistrano, California 92675.

Executed on May 22, 2013 at _Sen Juan Cepestrano_, California.

AUTO ORANGE II, LLC

By Marc Spizzirri, Manager

**Acknowledgment**

State of California          )
                                          )  ss
County of Orange          )

On 05|22|2013 before me, Hemanshu P. Badani _____, a Notary Public,
personally appeared Marc Spizzirri, who proved to me on the basis of satisfactory evidence to be the person whose
name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized
capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____



**Exhibit 6 Page 000096 (Bloyd Declaration)**

**RECORDING REQUESTED BY:**

WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:

Name: Maxwell Auto, LLC a Nevada limited
liability company
Street
Address: 333 S. State Street
Suite V-105
City
State Lake Oswego, OR 97034
& Zip

Title Order No.: 997-23037768-TC1 Escrow No.:

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*$R00006332539$*    12.00

2013000635507 9:44 am 11/19/13
217 414 Q01 F13   2
0.00 0.00 0.00 0.00  3.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Quitclaim Deed

The undersigned Grantor(s) declare(s)
DOCUMENTARY TRANSFER TAX IS $ none / Assumption of loan.
☐ Computed on Full Value of the interest or property conveyed, or
☑ Computed on full value less value of liens or encumbrances remaining at time of sale,
☐ Unincorporated Area    City of San Juan Capistrano
Parcel No.: 668-291-13

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Auto Orange II, LLC a California limited liability company

Do (does) hereby REMISE, RELEASE AND FOREVER QUITCLAIM to:

Maxwell Auto, LLC a Nevada limited liability company

The following described property in the County of Orange _____, State of California
See Exhibit A attached hereto.  This deed does not effect a merger with any deed of trust encumbering the
above property, including that certain deed of trust recorded May 22, 2013 in the official records of Orange
County, as Recording No. 2013000310377.

Dated: October 31, 2013

STATE OF CALIFORNIA
COUNTY OF Orange _____

On October 31, 2013 _____ before me, _____
Hassan Omar Abdalla, A Notary Public, personally
appeared Marc Joseph Spizzirri

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/their/her authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Hassan Omar Abdalla

Auto Orange II, LLC

Marc Spizzirri, Manager

HASSAN OMAR ABDALLA
Commission # 1941193
Notary Public - California
Orange County
My Comm. Expires Jun 17, 2015

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE.

Name _____    Street Address _____    City & State _____

(60)

Exhibit 6 Page 000097 (Bloyd Declaration)

PRELIMINARY REPORT
Your Reference:

Fidelity National Title Company
Order No.: 997-**23037768**-TC1

## LEGAL DESCRIPTION

## EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.

APN: 668-291-13



CLTA Preliminary Report Form – Modified (11/17/06)

Page 3

**Exhibit 6 Page 000098 (Bloyd Declaration)**

90

RECORDING REQUESTED BY:

WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:

Name: MACH-1 Autogroup, a Delaware
Corporation

Street    C/O
Address: Mr. Josh Wolff
Wolff Law Corporation

City    9160 Irvine Center Drive, Suite 200
State    Irvine, California 92618
& Zip

Title Order No.: _____    Escrow No.: _____

**Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder**    32.00

*  S  R  0  0  0  6  3  4  6  9  0  6  S  *
**2013000645633  2:02 pm 11/25/13**
90 413 Q01 F13   2
0.00 0.00 0.00 20.00 3.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Quitclaim Deed

The undersigned Grantor(s) declare(s)          *Grantor & Grantee same*
DOCUMENTARY TRANSFER TAX IS $ -$- 0 per R&T 11911 *party, same interest*

☐ Computed on Full Value of the interest or property conveyed, or
☑ Computed on full value less value of liens or encumbrances remaining at time of sale,
☐ Unincorporated Area    City of San Juan Capistrano
Parcel No.: 668-291-13

π
2p
2p
FF
np
cf

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Maxwell Auto, LLC, a Nevada limited liability company

Do (does) hereby REMISE, RELEASE AND FOREVER QUITCLAIM to:

(A)   Auto Orange II, LLC, a California limited liability company   (A)

The following described property in the County of Orange                    , State of California
See Exhibit A attached hereto.

Dated: November 20, 2013

STATE OF ~~CALIFORNIA~~ OREGON
COUNTY OF Deschutes
On 20 November 2013 before me,
Karen M. Newcomb Notary Public, personally
appeared Martin L. Hudler

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/their/her authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Karen M. Newcomb

Martin L. Hudler - Manager of Cam-Capo IV, LLC,

a Nevada limited liability company as the Manager of

Maxwell Auto, LLC, a Nevada limited liability company

OFFICIAL SEAL
KAREN M NEWCOMB
NOTARY PUBLIC-OREGON
COMMISSION NO. 463648
MY COMMISSION EXPIRES JANUARY 18, 2016

(This area for official notarial seal)

(6A)

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE.

Name _____    Street Address _____    City & State _____

**Exhibit 6 Page 000099 (Bloyd Declaration)**

PRELIMINARY REPORT
Your Reference:

Fidelity National Title Company
Order No.: 997-23037768-TC1

## LEGAL DESCRIPTION

## EXHIBIT "A"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:



**PARCEL NO. 1, IN THE CITY OF SAN JUAN CAPISTRANO, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A PARCEL MAP FILED IN** <u>**BOOK 79, PAGES 26 AND 27 OF PARCEL MAPS,**</u> **IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

**EXCEPT ALL WATER, CLAIMS OR RIGHTS TO WATER, IN OR UNDER SAID LAND.**

APN: 668-291-13



CLTA Preliminary Report Form – Modified (11/17/06)

Page 3

Branch :FLD,User :0755    Order: 8392585    Title Officer: 00    Comment:    Station Id :HL5C

J1

10

**PLEASE COMPLETE THIS INFORMATION**

**RECORDING REQUESTED BY:**

MARTY ADAIR

**AND WHEN RECORDED MAIL TO:**

MARTY ADAIR
2390 N. AMERICAN WAY ST.
ORANGE, CA 92865

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder
‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 35.00
2010000547614 1:15 pm 10/19/10
10 416 A03    4
0.00 0.00 0.00 0.00 9.00 20.00 0.00 0.00

**THIS SPACE FOR RECORDER'S USE ONLY**

TITLE OF DOCUMENT: ABSTRACT OF JUDGMENT – CIVIL

11
48
20
30

64

**THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**(Additional recording fee applies)**

•• .059-TITLE PAGE (R7/95)

**Exhibit 6 Page 000101 (Bloyd Declaration)**

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, State Bar number, and telephone number):*

Recording requested by and return to:

David H. Dicker (SBN 180182)
DICKER & DICKER, LLP
21550 Oxnard Street
Suite 550
Woodland Hills, California 91367
(818)704-1000

| [x] ATTORNEY FOR | [x] JUDGMENT CREDITOR | [ ] ASSIGNEE OF RECORD |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive W
MAILING ADDRESS: 700 Civic Center Drive W
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

*FOR RECORDER'S USE ONLY*

PLAINTIFF: Adair Roofing, Inc.

DEFENDANT: AUTO ORANGE II, LLC, a California limited liability company; ELLEN RAFFERTY, an individual

CASE NUMBER:
30-2008-00084471

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | [ ] Amended |
|---|---|

*FOR COURT USE ONLY*

1. The [x] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
   
   Name and last known address
   
   ```
   AUTO ORANGE II, LLC
   33395 CAMINO CAPISTRANO
   SAN JUAN CAPISTRANO, CA. 92675
   ```
   
   b. Driver's license no. [last 4 digits] and state:          [x] Unknown
   c. Social security no. [last 4 digits]:                     [x] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):* AUTO ORANGE II, LLC
      33395 CAMINO CAPISTRANO, SAN JUAN CAPISTRANO, CA. 92675

2. [x] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   ADAIR ROOFING, INC.
   2390 American Way Street, Orange, California 92665

Date: May 17, 2010

David H. Dicker
_____
(TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

▶
_____
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 41,148.33

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* April 23, 2010
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [x] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*

12. a. [x] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]

This abstract issued on *(date):*

JUL 01 2010

Clerk, by _Michael Porter_____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

ALAN CARLSON

MICHAEL PORTER

Legal Solutions Plus

Page 1 of 3
Code of Civil Procedure, §§ 488.480, 674, 700.190

(65.)

Branch :LD,User:1073          Order: 8392532    Title Officer: 00    Comment:          Station Id :HL5C

| PLAINTIFF: Adair Roofing, Inc.<br><br>DEFENDANT: AUTO ORANGE II, LLC, a California limited liability company; ELLEN RAFFERTY, an individual | CASE NUMBER:<br>30-2008-00084471 |
|---|---|

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.            Name and last known address

ELLEN RAFFERTY
33033 Camino Capistrano
San Juan Capistrano, California 92675

Driver's license no. [last 4 digits]
and state:                                     ☒ Unknown
Social security no. [last 4 digits]:      ☒ Unknown
Summons was personally served at or mailed to *(address):*

33033 Camino Capistrano
San Juan Capistrano, California 92675

17.            Name and last known address

Driver's license no. [last 4 digits]
and state:                                     ☐ Unknown
Social security no. [last 4 digits]:      ☐ Unknown
Summons was personally served at or mailed to *(address):*

18.            Name and last known address

Driver's license no. [last 4 digits]
and state:                                     ☐ Unknown
Social security no. [last 4 digits]:      ☐ Unknown
Summons was personally served at or mailed to *(address):*

19.            Name and last known address

Driver's license no. [last 4 digits]
and state:                                     ☐ Unknown
Social security no. [last 4 digits]:      ☐ Unknown
Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

(66)

EJ-001 [Rev. January 1, 2008]                    **ABSTRACT OF JUDGMENT—CIVIL**                    Page 2 of 3
                                                  **AND SMALL CLAIMS**

**Exhibit 6 Page 000103 (Bloyd Declaration)**

Branch :SD0 User : R073          Order: 8392389    Title Officer: 06    Comment:                    Station Id :HL5C

**MC-025**

| SHORT TITLE: Adair Roofing, Inc. v. Auto Orange II, LLC | CASE NUMBER: |
| --- | --- |
| | 30200800084471 |

**ATTACHMENT** (Number): _____

(This Attachment may be used with any Judicial Council form.)

1.Plaintiff ADAIR ROOFING, INC. shall have and recover from Defendant AUTO ORANGE II, LLC the principal amount of Five Thousand Three Hundred and Ninety-Nine Dollars and Seventy Cents ($5,399.70) plus interest at the rate of ten percent (10%) per annum from March 20, 2008 to the date hereof in the amount of One Thousand One Hundred and Nineteen Dollars and Eighty-Eight Cents ($1,119.88); Costs in the amount of Five Thousand One Hundred and Seventy-One Dollars and Forty-Two Cents ($5,171.42); and Attorney's Fees in the amount of Twenty-Nine Thousand Four Hundred and Fifty-Seven Dollars and Thirty-Three Cents ($29,457.33); for a total of Forty-One Thousand One Hundred and Forty-Eight Dollars and Thirty-Three Cents  ($41,148.33).

2.Plaintiff ADAIR ROOFING, INC. shall have and recover from Defendant ELLEN RAFFERTY the principal amount of Five Thousand Three Hundred and Ninety-Nine Dollars and Seventy Cents ($5,399.70) plus interest at the rate of ten percent (10%) per annum from March 20, 2008 to the date hereof in the amount of One Thousand One Hundred and Nineteen Dollars and Eighty-Eight Cents ($1,119.88); and Costs in the amount of Five Thousand One Hundred and Seventy-One Dollars and Forty-Two Cents ($5,171.42); for a total of Eleven Thousand Six Hundred and Ninety-One Dollars ($11,691.00).

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Page _3_ of _3_

(Add pages as required)



Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

Legal
Solutions
La Plus

**Exhibit 6 Page 000104 (Bloyd Declaration)**